Submitted on remand from Oregon Supreme Court April 10, 1992, affirmed April 21, reconsideration denied June 9, petition for review denied June 22, 1993 (317 Or 163)

STATE OF OREGON,
*Respondent,*

*v.*

Jay Randall WOLFS,
*Appellant.*

(10-88-01844; CA A60331)

850 P2d 1139

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

This criminal case was remanded from the Supreme Court for us to review defendant's assignments of error that we did not reach in our previous opinion, *State v. Wolfs*, 105 Or App 5, 803 P2d 1192 (1990). In that opinion, we reversed defendant's conviction for being an exconvict in possession of a firearm, *former* ORS 166.270, because his second trial was barred on the ground of former jeopardy. The Supreme Court reversed, holding that defendant's second trial was not statutorily or constitutionally barred. *State v. Wolfs*, 312 Or 646, 826 P2d 623 (1992). We now address defendant's other assignments, and affirm.

Defendant first contends that the trial court erred in denying his motion for a judgment of acquittal in the second trial. At the first trial, the court granted defendant's motion for judgment of acquittal, because the indictment did not allege sufficient facts to state a crime. The state resubmitted the case and obtained a new indictment from a different grand jury. At the second trial, defendant moved to dismiss on former jeopardy grounds, but the trial court overruled the objection. He also moved for judgment of acquittal on the ground that the second indictment failed to allege facts sufficient to state a crime. The court denied the motion.

The state suggests that defendant's second motion for judgment of acquittal was not a proper means of challenging the indictment and that we should not address the assignment. Although a demurrer is the appropriate method for contesting the sufficiency of an indictment, a motion for judgment of acquittal on the basis of the sufficiency of the indictment may be treated the same as a demurrer. *See State v. Wolfs, supra*, 312 Or at 652-54. We treat it as such and address the merits of the assignment.

The offense for which defendant was convicted is described in *former* ORS 166.270(1):

> "Any person who has been convicted of a felony * * * who owns, or has in the person's possession or under the person's custody or control any firearm capable of being concealed upon the person, or any machine gun, commits the crime of exconvict in possession of a firearm."

The indictment alleged, in part, that defendant

"did unlawfully and knowingly possess a .380 caliber pistol having previously been convicted * * *."

At the time of defendant's crime, *former* ORS 166.210(2) provided:

" 'Pistol,' 'revolver' and 'firearms capable of being concealed upon the person,' apply to and include all firearms having a barrel less than 12 inches in length."

Defendant argues that the indictment is deficient, because it does not allege that the weapon was "capable of being concealed upon the person" as required by the statute. He contends that a .380 caliber pistol may or may not be concealable, because it may have a barrel longer than 12 inches.

In *State v. Miller*, 87 Or App 439, 742 P2d 692 (1987), we held that the description in *former* ORS 166.210(2) was not an exhaustive class of firearms capable of concealment. Whether a firearm with a barrel longer than 12 inches is concealable is a question of fact. We also held that guns with barrels less than 12 inches are concealable as a matter of law. The word "pistol" connotes a concealable hand gun to persons of common understanding. *See* ORS 132.550(7). The indictment sufficiently apprised defendant of all the elements of the crime. He does not contend that the firearm was not, in fact, concealable.

■ Defendant next assigns error to the trial court's admission of statements made by his wife to police dispatchers and a responding officer. Defendant's wife called 911. She told the central dispatcher who answered that defendant was in the house with an "automatic" pointed at his head and had fired one shot. The central dispatcher referred the call to the local dispatcher, and Mrs. Wolfs repeated her statements. A police officer arrived and spoke with Mrs. Wolfs. She told the officer that, when she came home, she found defendant on the couch with a pistol lying by his head. She yelled at him; the gun went off, and she ran to the neighbor's house to call for help.

At trial, defendant objected, on hearsay grounds, to the testimony of the dispatchers and the officer regarding his

wife's statements.[1] The trial court held that the statements were excited utterances under OEC 803(2):

> "I am going to rule those are admissible. It seems to me that we questionably have a startling urgent crisis and event that precipitated the call to — on the 911 emergency number, and that was an ongoing situation, if anything, exacerbating as time went on rather than getting better, with the wife in a position of urgent fear over the welfare of her husband back in the home, apparently, according to her declarations, in possession of a firearm, a pistol, and perhaps access to others * * *.
>
> "* * * * *
>
> "The statements, obviously to this Court anyway, were made under the stress of the excitement, of the event that was unfolded in the conditions and circumstances that were going on. It seems to me that all of the elements that have been required by the Court, our courts, are present."

■■ Defendant argues that the statements were not sufficiently spontaneous to come under OEC 803(2), because his wife had time to reflect on the circumstances before relating the events to the dispatchers and the officer. OEC 803(2) requires that the out of court statement be made while the declarant is under the stress of excitement caused by the event or condition. *State v. Carlson*, 311 Or 201, 215, 808 P2d 1002 (1991). Although the lapse of time is a factor to consider, it is not necessarily dispositive. *See State v. Moen*, 309 Or 45, 786 P2d 111 (1990). Several other factors also are relevant, including the content of the utterance and the mental and physical condition of the declarant. *State v. Carlson, supra*, 311 Or at 218. The statements regarding the possession of the gun all occurred within about an hour of Mrs. Wolfs' call to 911. As the trial court found, the excitement of the event persisted during this time and placed her in urgent fear for her husband's safety. The dispatchers and the officer described Mrs. Wolfs as frightened and emotional. Under these facts, the trial court did not err in admitting her statements as excited utterances.

Defendant also argues that the admission of the statements violated his confrontation rights. We decline to

---

[1] Mrs. Wolfs invoked her spousal privilege and did not testify at trial.

address that argument, because he did not raise the issue at trial. *State v. Jensen*, 313 Or 587, 837 P2d 525 (1992).

■ Defendant next contends that the court erred by requiring Mrs. Wolfs' attorney to testify that she gave the attorney the pistol and that he gave it to a police officer. He argues that the testimony was protected by client-attorney privilege. OEC 503(2). Even if the testimony of Mrs. Wolfs' attorney was protected, defendant cannot appeal an erroneous decision by the trial court if he is not the client involved:

> " '[W]hen the client is not a party, then on general principles * * * the party cannot invoke the privilege; *and, if the privilege is erroneously refused, the party cannot appeal on the ground of this error.*' " *Bergsvik v. Bergsvik*, 205 Or 670, 684-85, 291 P2d 724 (1955) (quoting 8 Wigmore, *Evidence* § 2321 (3rd ed 1940)). (Emphasis supplied.)

■ Next, defendant argues that the trial court erred by allowing the state to withdraw a stipulation that it made in open court. The stipulation was that the state would not introduce evidence of defendant's earlier convictions for felonies, but would accept instead defendant's admission of the convictions. It also stipulated that it would not call a witness who had seen defendant with a gun on a prior occasion. After the stipulation and presentation of some evidence, the court granted a mistrial on defendant's motion.[2] Just before the retrial began the next day, the state said that it was withdrawing the stipulation. The trial court ruled that the mistrial terminated the prior proceedings, including the stipulation.

Defendant argues that the state had an agreement that the court must enforce. He contends that he was prejudiced by withdrawal of the stipulation. The court did not abuse its discretion in allowing the state to withdraw the stipulation. Defendant had not changed his position and has not demonstrated any prejudice.

■ In his final assignment, defendant argues that the court erred in refusing to grant a mistrial, because the prosecutor told the jury about defendant's prior convictions during his opening statement. He argues that, although the

---

[2] The mistrial was allowed, because one juror was unable to continue.

evidence was relevant, he had offered to stipulate that he had been convicted of a felony. The information about his prior convictions was disclosed to the jury without objection during trial. Consequently, even if the court erred, the error was harmless.

Affirmed.