Argued and submitted December 21, 2000, reversed and remanded for new trial
May 9, 2001

# STATE OF OREGON,
## *Respondent,*

*v.*

# DONALD WAYNE OSBORNE,
## aka Jim Sutton,
## *Appellant.*

## 97118447C; A105832

25 P3d 356

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals his convictions for two counts each of sodomy, ORS 163.405, and sex abuse, ORS 163.427, arguing that the trial court erred in admitting evidence of a similar offense that occurred in 1981. We agree and therefore reverse.

The charges in this case arise from two alleged incidents in 1995 or 1996. The only significant evidence in support of the charges came from the victim, who was six or seven years old at the time of the events and nine years old at the time of trial. His testimony at trial was not always consistent, and defendant impeached it in several respects. Among other things, defendant's evidence suggested that the victim had been exposed to sexual activity in which defendant played no role and that that exposure explained the victim's knowledge of and interest in sexual matters.

After the victim's testimony, the state offered evidence from a witness who testified that, when defendant and the witness were living in New Mexico in 1981 and the witness was six or seven years old, defendant had acted in ways that were similar to the ways that he allegedly acted toward the victim in this case. Defendant objected to the testimony, pointing out that there were no issues of motive, plan, intent, accident, identity, or similar matters in this case that would permit the admission of "other bad acts" evidence. Rather, his defense was simply that the events that the victim described had not occurred. In response, the state argued that the evidence of the previous incident was admissible to rehabilitate the victim's testimony. The evidence of the New Mexico events, according to the state, would corroborate the testimony of the victim by showing the similarity of events described in his testimony to the events testified to by the witness. The trial court overruled defendant's objection and permitted the witness to testify.

Under OEC 404(3),[1] evidence of other crimes could be admissible if it is relevant to some issue other than the defendant's disposition or propensity to commit a crime or other

---

[1] OEC 404(3) provides:

bad act. *See State v. Johns*, 301 Or 535, 725 P2d 312 (1986). In *State v. Dunn*, 160 Or App 422, 981 P2d 809 (1999), we discussed the rule and the leading Supreme Court cases interpreting it. We concluded that the trial court's first task is to evaluate the evidence in order to determine the relevance of the evidence to the issues being tried. "In doing so the court should look at all of the issues in the case to see if the evidence is relevant to some issue other than the defendant's propensity to commit certain acts." *Dunn*, 160 Or App at 426. The tests to determine whether the evidence of other crimes is relevant, as described in cases such as *Johns* (intent) and *State v. Pinnell*, 311 Or 98, 806 P2d 110 (1991) (identity), apply only when the purpose for which the evidence is offered is something other than propensity. Balancing the probative value of the evidence against its prejudicial effect, to the degree that that is proper under OEC 404(4) when the evidence is offered against a criminal defendant, comes into play only if the court first determines that the evidence is relevant for a permissible purpose. *Id.*

In its brief, the state summarizes the purposes for which it believes the evidence of the previous New Mexico incident was relevant in this case:

"The evidence was relevant to corroborate the victim's account, and to defeat defendant's claims that the victim lied to get out of trouble, fabricated the offense entirely, or learned of sexual behavior from other adults.

"* * * * *

"* * * [T]he crux of the defense was not merely that defendant committed no crime, but that the child victim had fabricated the accusation. To support the fabrication claim, defendant offered affirmative evidence that the child has gained graphic knowledge of sex acts with which he could describe oral sodomy."

---

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The difficulty with the state's position is that each purpose that it identifies for the admission of the evidence is, in reality, only evidence that defendant is the kind of person who would act in conformity with the acts described by the victim.

The only issue at trial was whether the events that the victim described had actually occurred. If the jury believed that they had occurred, defendant is guilty; if the jury had a reasonable doubt about those events, defendant is entitled to acquittals on the charges. Identity, intent, and all of the other reasons for which Oregon courts have permitted the introduction of evidence of other crimes or bad acts under OEC 404(3) were not in issue in this case. The only relevance of the 1981 New Mexico events is that they might show that the alleged victim in this case was telling the truth about what he claimed had happened to him. In other words, the jury would have had to conclude from what happened in New Mexico that defendant is the kind of person who sexually abuses little boys and that it was therefore more likely that the victim was telling the truth about what happened on this occasion. That is precisely the kind of use of "other crimes evidence" to show character that OEC 404(3) makes inadmissable.

In this respect, this case is similar to *State v. Baughman,* 164 Or App 715, 995 P2d 551, *rev allowed* 331 Or 536 (2000), in which we held that evidence that the defendant had previously told a "bloody bears" story during the commission of sexual abuse of a person other than the alleged victim was not relevant. The state argued that, because the defendant had allegedly told a "bloody bears" story to both persons, the story was evidence of a "signature" crime or of the defendant's identity. However, we pointed out that identity was not an issue in the case; the issue was whether a crime had occurred, not whether the defendant, in contrast to some other person, had committed it. In substance, the only premise for the state's argument in *Baughman* was that the similarity of the two events made it more likely that defendant had abused the victim. Evidence offered for that purpose is propensity or character evidence, which OEC 404(3) expressly excludes.

What we said in *Baughman* and *Dunn* applies to all of the state's asserted grounds of relevance in this case. Each ground is based on the premise that, because defendant abused a different person in New Mexico in 1981, it is more likely that he abused the alleged victim in this case. We conclude that the court erred in admitting the evidence of the New Mexico incident, and we cannot say under the circumstance that the error was harmless. We therefore reverse defendant's convictions.

Reversed and remanded for new trial.