Submitted on record and briefs November 26, 2002, affirmed April 3, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# KEVIN JOSEPH GARRETT,
*Appellant.*

## C000056CR; A112008

66 P3d 554

David E. Groom, Acting Executive Director, Office of Public Defense Services, and Steven V. Humber, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his conviction for felony assault in the fourth degree, asserting two assignments of error. He contends that the trial court erred in failing to grant his demurrer to the indictment on the ground that the indictment violated ORS 132.540 by alleging that he had previously been convicted of the same offense against the same victim. He also contends that, because the prior conviction should not have been alleged in the indictment, the trial court erred in admitting evidence of the conviction rather than requiring the state to accept his stipulation to it. We affirm.

Defendant was charged with fourth-degree assault under ORS 163.160, which provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; * * *

"* * * * *

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim[.]"

The indictment alleged that "defendant, on or about November 25, 1999, in Washington County, Oregon, having previously been convicted of assaulting [the victim] did unlawfully and recklessly cause physical injury to [the victim]." Defendant sought to strike the allegation of the previous conviction from the indictment, asserting that inclusion of the allegation in the indictment violates ORS 132.540(2). He contended that the prior conviction was merely a sentence enhancement factor that did not need to be alleged in the indictment. He further argued that the state should be required to accept his stipulation to his prior conviction,

which, in his view, would make it unnecessary for the jury to learn of his conviction. The trial court denied the motion to strike the indictment and ruled that evidence of defendant's prior conviction was admissible.

■        ORS 132.540(2) provides:

"The indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject the defendant to enhanced penalties, except where the conviction constitutes a material element of the crime charged."

In *State v. Reynolds*, 183 Or App 245, 51 P3d 684, *rev den*, 335 Or 90 (2002), we concluded that the crime of felony assault in the fourth degree is a distinct offense, a material element of which is the defendant's previous conviction of assaulting the same victim. We concluded that the fact of the prior conviction is not merely a sentence enhancement factor and that, if the allegation of the previous conviction were struck from an indictment, the indictment would no longer allege the crime of felony assault in the fourth degree. 183 Or App at 252. Finally, we held that, because the prior conviction is an element of the crime, ORS 132.540(2) does not prevent the state from alleging the prior conviction. 183 Or App at 253. In light of *Reynolds*, the trial court did not err in denying defendant's demurrer to the indictment.

        Defendant nonetheless asserts that, in light of his offer to stipulate to the fact of his prior conviction, the trial court abused its discretion in admitting evidence of the conviction. In defendant's view, the state should not be permitted to offer proof of an element of the offense to which a defendant has stipulated if, in light of the stipulation, the evidence is not "substantially relevant to some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." *State v. Zimmerlee*, 261 Or 49, 52, 492 P2d 795 (1972) (internal quotation marks omitted).

■■        Facts to which parties stipulate conclusively establish those facts without the need to present evidence. *State v. Ordonez-Villanueva*, 138 Or App 236, 244 n 8, 908 P2d 333

(1995), *rev den*, 322 Or 644 (1996). Thus, defendant's stipulation, if accepted by the state, would have established the fact of his prior conviction. However, the state was not required to accept defendant's offer to stipulate to his prior conviction. *See State v. Wolfs*, 119 Or App 262, 850 P2d 1139, *rev den*, 317 Or 163 (1993).[1] As we have concluded, defendant's prior conviction was an element of the offense with which defendant was charged. In the absence of a stipulation, it was necessary for the state to prove defendant's prior conviction in order to prove defendant's guilt. Thus, evidence of the prior conviction was essential in order to prove the crime charged, and any prejudice in introducing the record of defendant's prior conviction was outweighed by the probative value of the evidence.

*Zimmerlee*, on which defendant relies, is not to the contrary. There, the state sought to prove that the defendant was armed with a gun when he committed a robbery by offering evidence that he was armed with a gun when he committed an assault later the same day. The defendant offered to stipulate that he was armed when he committed the robbery, thereby making it unnecessary for the state to offer evidence about the later incident in order to prove that he was armed. The state refused to accept the stipulation, and the trial court admitted the disputed evidence. The Supreme Court reversed, holding that the state was required to accept the stipulation because the stipulation would allow the state to prove the fact that it needed to prove without the need to introduce evidence about the later incident that was unfairly prejudicial to the defendant. 261 Or at 54.

Here, the evidence that defendant sought to exclude—the record of his conviction of assaulting the victim—is indistinguishable in its prejudicial effect from the fact to which he agreed to stipulate—that he had been convicted of assaulting the victim. What defendant wanted was

---

[1] There are circumstances in which the state is required to accept a stipulation of the defendant as to a prior conviction. *See, e.g.*, ORS 813.326(1) (in a prosecution for felony DUII under ORS 813.010(5) the state may be required to accept a defendant's stipulation to a prior DUII conviction); ORS 163.103(1) (the state is required to accept the stipulation of a defendant charged with aggravated murder under ORS 163.095(1)(c) to the existence and validity of a prior conviction).

not just to keep the record of his conviction from being presented to the jury but the *fact* of his conviction as well. *Zimmerlee* does not support that proposition. There, the *fact* that the defendant was armed would be presented to the jury to prove one of the elements of the charged crime. All *Zimmerlee* held was that, in light of the proffered stipulation, it was improper to admit unfairly prejudicial evidence to prove that fact. 261 Or at 54. *Zimmerlee* is not support for the relief that defendant seeks here, which is to exclude the *fact* of his prior conviction even though that fact is necessary to prove one of the elements of the charged crime. The trial court did not abuse its discretion in admitting the record of defendant's prior fourth-degree assault conviction.

Affirmed.