Argued and submitted January 29, reversed and remanded August 20, 2003

STATE OF OREGON,
*Appellant,*

*v.*

JOHN DUANE HESS,
*Respondent.*

200115408; A117315

75 P3d 469

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel Q. O'Dell argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong* and Schuman, Judges.

PER CURIAM

Schuman, J., dissenting.

---

* Armstrong, J., *vice* Kistler, J.

## PER CURIAM

Defendant was charged by indictment with three counts of public indecency, ORS 163.465. Each count alleged all of the elements of public indecency, ordinarily a misdemeanor. Each count also alleged an additional element that enhanced public indecency to a felony. That element was defendant's prior convictions for public indecency. ORS 163.465(2)(b).[1] Defendant offered to stipulate to his prior convictions with the understanding that the trial court would exclude all evidence of them. The state filed a motion *in limine* requesting that defendant's proposed stipulation be read into the record in the presence of the jury. The trial court entered an order denying the state's request and accepting defendant's stipulation. It also ruled that all evidence of the prior convictions would be excluded. The state appeals the trial court's denial of its motion *in limine*. ORS 138.060(1)(c). We reverse.

This case presents the same issue presented in *State v. Hambrick*, 189 Or App 310, 75 P3d 462 (2003), where, relying on *State v. Garrett*, 187 Or App 201, 204-05, 66 P3d 554 (2003), we held that the trial court erred in accepting the defendant's stipulation to the "prior conviction" element of a crime and in then excluding all evidence of that prior conviction. For the reasons set out in *Hambrick* and *Garrett*, we reverse and remand.

Reversed and remanded.

**SCHUMAN, J.,** dissenting.

This case presents the same issue as *State v. Hambrick*, 189 Or App 310, 75 P3d 462 (2003), and I dissent for the reasons set out in my dissent to that case.

---

[1] ORS 163.465 provides, in part:

"(2)(a) Public indecency is a Class A misdemeanor.

"(b) Notwithstanding paragraph (a) of this subsection, public indecency is a Class C felony if the person has a prior conviction for public indecency * * *."