Argued and submitted January 29, reversed and remanded August 20, 2003

## STATE OF OREGON,
*Appellant,*

*v.*

## SCOTT VINCENT HAMBRICK,
*Respondent.*

200117739; A117314

75 P3d 462

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel Q. O'Dell argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong* and Schuman, Judges.

ARMSTRONG, J.

* Armstrong, J., *vice* Kistler, J.

Edmonds, P. J., concurring.
Schuman, J., dissenting.

## ARMSTRONG, J.

Defendant was charged by indictment with two counts of fourth-degree assault, ORS 163.160. Each count alleged all of the elements of that crime, which is ordinarily a misdemeanor. Each count also alleged an additional element that enhanced the crime to a felony. In count one, that element was a prior conviction for assaulting the same victim. ORS 163.160(3)(a).[1] Defendant made a written judicial admission to that element, stipulating "that he has been convicted of Assault in the Fourth Degree * * * with the victim being [the same victim as in this case]." He coupled that admission with a motion *in limine* to exclude all evidence of the prior conviction, conceding that, if the jury returned a guilty verdict on the elements of "ordinary" fourth-degree assault, then the trial court would enter the conviction as a felony. The state agreed to accept defendant's admission but only on the condition that it be read to the jury. It also opposed the motion *in limine*. The trial court accepted defendant's admission and granted his motion to exclude the evidence. The state appeals, ORS 138.060(1)(c), and we reverse.

In *State v. Garrett*, 187 Or App 201, 66 P3d 554 (2003), decided after this case was argued, we held that, unless a statute provides otherwise, the trial court could not compel the state to accept the defendant's stipulation to the "prior assault conviction, same victim" element of the same crime involved in this case. There, as here, the defendant sought not only to use the stipulation to exclude evidence of prior conviction for assaulting the same victim but also to

---

ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; * * *

"* * * * *

"(2) Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim[.]"

remove from the jury the factual issue whether he previously had been convicted of that crime, so that the jury would not know of the prior conviction and would not be required to decide whether the state had proved the prior-conviction, same-victim element of the charged crime. Because the state did not agree to the stipulation, we concluded that the trial court did not err in admitting evidence of the prior conviction. *Id.* at 206.

Although *Garrett* held that the trial court did not err in *admitting* the evidence and this case presents the question whether the trial court erred in *suppressing* the evidence, that difference does not make the cases distinguishable. The necessary premise for the holding in *Garrett* is that

> "the state was not required to accept defendant's offer to stipulate to his prior conviction. * * * In the absence of a stipulation, it was necessary for the state to prove defendant's prior conviction in order to prove defendant's guilt. Thus, evidence of the prior conviction was essential in order to prove the crime charged, and any prejudice in introducing the record of defendant's prior conviction was outweighed by the probative value of the evidence."

*Id.* at 205 (citation and footnote omitted).

The premise necessarily underlying the affirmance in *Garrett* also requires reversal here. The trial court here suppressed all evidence of the prior conviction because, given the admission, the evidence had no probative value relative to any issue that the jury needed to decide. However, the admission was operative only because the trial court accepted it. We see no distinction between the court accepting the admission over the state's objection and the court compelling the state to accept it as a stipulation. It cannot do either. Under *Garrett*, therefore, the court erred in taking the prior conviction element from the jury, and, that being the case, it also erred in granting defendant's motion to preclude the state from introducing evidence to prove that element.

The dissent agrees that *Garrett* controls the decision in this case. It contends, however, that *Garrett* was wrongly decided. It relies on *State v. Zimmerlee*, 261 Or 49, 54, 492 P2d 795 (1972), as support for its position. We explained in

*Garrett* why *Zimmerlee* does not support the dissent's position:

> "[T]he state sought to prove [in *Zimmerlee*] that the defendant was armed with a gun when he committed a robbery by offering evidence that he was armed with a gun when he committed an assault later the same day. The defendant offered to stipulate that he was armed when he committed the robbery, thereby making it unnecessary for the state to offer evidence about the later incident in order to prove that he was armed. The state refused to accept the stipulation, and the trial court admitted the disputed evidence. The Supreme Court reversed, holding that the state was required to accept the stipulation because the stipulation would allow the state to prove the fact that it needed to prove[—that the defendant was armed—]without the need to introduce evidence about the later incident that was unfairly prejudicial to the defendant. * * *
>
> "Here, the evidence that defendant sought to exclude—the record of his conviction of assaulting the victim—is indistinguishable in its prejudicial effect from the fact to which he agreed to stipulate—that he had been convicted of assaulting the victim. What defendant wanted was not just to keep the record of his conviction from being presented to the jury but the *fact* of his conviction as well. *Zimmerlee* does not support that proposition. There, the *fact* that the defendant was armed would be presented to the jury to prove one of the elements of the charged crime. All *Zimmerlee* held was that, in light of the proffered stipulation, it was improper to admit unfairly prejudicial evidence to prove that fact. * * * *Zimmerlee* is not support for the relief that defendant seeks here, which is to exclude the *fact* of his prior conviction even though that fact is necessary to prove one of the elements of the charged crime."

*Id.* at 205-06 (emphasis in original).

In summary, *Zimmerlee* does not support the principle that an *element* of a crime can be removed from a jury's consideration at a defendant's behest. However, the principle for which it does stand—that a defendant's agreement to stipulate or admit to a *fact* can prevent the state from introducing prejudicial evidence to prove the fact—has been applied by a number of courts, including the United States

Supreme Court.[2] The principle can fairly be described as one of three alternatives that courts in the United States have applied in the circumstances presented in *Garrett* and in this case.

One of the other two alternatives is the one for which the dissent contends: that an admission or stipulation to a fact can remove an *element* of a crime from a jury's consideration. That alternative principle appears to be limited to so-called status elements, such as the prior-conviction, same-victim element at issue in this case. Among the cases that have applied the principle, *State v. Nichols*, 208 W Va 432, 541 SE2d 310 (1999), is exemplary. The crime at issue in *Nichols* required the state to prove that the defendant had two prior convictions for driving under the influence of intoxicants. The defendant offered to stipulate that he had two prior convictions for driving under the influence of intoxicants, and, based on the stipulation, he sought to remove the prior-conviction element from the jury's consideration. The West Virginia Supreme Court held that the defendant was entitled to that relief.[3]

The third alternative is one that rejects the proposition for which *Zimmerlee* stands: that a state can be required to accept a stipulation to a fact in order to prevent the introduction of prejudicial evidence to prove the fact. Among the cases that have applied the principle, *People v. Hills*, 140 AD2d 71, 532 NYS2d 269 (1988), is exemplary. The crime at issue in *Hills* was first-degree assault, which required the state to prove that the victim had suffered a serious physical injury. The defendant offered to stipulate that the victim had suffered such an injury, and, on that basis, he sought to prevent the state from introducing medical evidence about the victim's injuries that the defendant believed would be highly prejudicial to the jury's proper consideration of his guilt of the charged crime. The New York court held that the state was

---

[2] *See, e.g., Old Chief v. United States*, 519 US 172, 117 S Ct 644, 136 L Ed 2d 574 (1997); *People v. District Court*, 953 P2d 184 (Colo 1998); *State v. Lee*, 266 Kan 804, 977 P2d 263 (1999); *State v. Harvey*, 318 NJ Super 167, 723 A2d 107 (1999).

[3] *See also, e.g., People v. Hall*, 67 Cal App 4th 128, 79 Cal Rptr 2d 690 (1998); *Brown v. State*, 719 So 2d 882 (Fla 1998); *State v. Berkelman*, 355 NW2d 394 (Minn 1984).

not required to accept the stipulation and, hence, that the medical evidence was properly admitted. The crime element at issue in *Hills* was not a status element, but the discussion of the principle in *Hills* does not suggest that the court would draw a distinction among different elements of crimes.[4]

In summary, our decision in *Garrett* applied one of three alternative approaches to the use of stipulations to control the submission to a jury of information that could be prejudicial to a defendant in a criminal case. We also recognized in *Garrett* that the Oregon legislature has addressed the treatment of status elements in two other crimes, felony driving under the influence of intoxicants, *see* ORS 813.326(1), and aggravated murder, *see* ORS 163.103(1). For both of those crimes, the legislature adopted a policy that excludes from jury consideration status elements in those crimes if the defendant stipulates to facts that establish those elements. In other words, the legislature expressly adopted by statute in those two instances the policy that the dissent claims that we erroneously rejected in *Garrett*.

In light of the alternative approaches in Oregon and other states on the use of stipulations to control the submission of information and issues to juries in criminal cases, and in light of the Oregon legislature's adoption of statutes that bear on that issue for crimes *other* than fourth-degree assault, good arguments can be marshaled in support of the application in Oregon of two of the three alternative approaches—the one that we applied in *Garrett* and the one for which the dissent contends. However, principles of *stare decisis* require us to adhere to our decision in *Garrett* unless we are persuaded that we clearly erred in reaching the conclusion that we did. *See, e.g., Newell v. Weston*, 156 Or App 371, 380, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). Under that standard, we adhere to our decision in *Garrett*.[5]

---

[4] *See also, e.g., State ex rel Romley v. Galati*, 193 Ariz 437, 973 P2d 1198 (1999); *Norris v. State*, 227 Ga App 616, 489 SE2d 875 (1997); *Glover v. Commonwealth*, 3 Va App 152, 348 SE2d 434 (1986).

[5] The dissent also contends that we can affirm the trial court by treating the defendant's motion as a motion to make a partial waiver of his right to a jury trial on the prior-conviction, same-victim element of the charged crime, which the trial court accepted. The short answer to that suggestion is that there is no written jury waiver in the record in this case, so we could not affirm the ruling on that basis. *State v. Lemon*, 162 Or App 640, 642, 986 P2d 705 (1999).

Reversed and remanded.

**EDMONDS, P. J.,** concurring.

I concur that the decision in this case is governed by the rule of law in *State v. Garrett,* 187 Or App 201, 66 P3d 554 (2003), and I disagree with the dissent that *Garrett* was wrongly decided. The issue, as I perceive it, is whether the trial court had the authority to require the state to accept defendant's offer to stipulate in lieu of the state offering evidence on the issue of defendant's prior conviction for assaulting the same victim. I agree that the principle of *stare decisis* applies and that we should affirm this case because of our ruling in *Garrett.* However, the dissent raises interesting questions about whether *Garrett* was correctly decided. Consequently, I write separately to express a rationale alternative to that expressed by the lead opinion as to why *Garrett* should not be overruled.

Although not expressed, the lead opinion perceives the ruling in *Garrett* to constitute a policy choice among several alternatives made by this court based on the inherent exercise of this court to decide procedural matters. In contrast to the lead opinion, I believe that the issue in *Garrett* and in this case, whether a trial court has the authority to force a party to accept a stipulation of fact in lieu of presenting evidence over its objection, is a question that had already been answered by the legislature before we decided *Garrett.*

OEC 402 is clear in its mandate and provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible." In essence, OEC 402 operates to circumscribe a trial court's authority concerning the admission of relevant evidence. Any exclusion of relevant evidence outside the boundaries of the rule is beyond the authority of the court under OEC 402.

In this case, the evidence of a prior conviction of defendant for assaulting the same victim is relevant because the legislature has provided that an element of felony assault under ORS 163.160(3)(a) is that "[t]he person has previously

been convicted of assaulting the same victim[.]"[1] Assuming that the evidence that the state offers to prove the fact of the previous conviction is otherwise admissible under the Oregon Evidence Code, the only other provision of the code that comes into play is OEC 403. It provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." It cannot be said, in light of the fact that the legislature has made a prior conviction an element of the crime of felony assault in the fourth degree, that evidence of that fact is unfairly prejudicial, nor does such evidence fall within the other exceptions to admissibility in OEC 403.

The understanding that the legislature has already spoken on this issue is confirmed by the provisions of ORS 813.326(1) (in a prosecution for felony driving while under the influence, ORS 813.010(5), the state may be required to accept a defendant's stipulation regarding a prior DUII conviction) and by the provisions of ORS 163.103(1) (where the state is required to accept the stipulation of a defendant charged with aggravated murder to the existence and validity of a prior conviction). Those statutes demonstrate that the legislature knows how, when it so desires, to require the state to accept a stipulation of fact in lieu of the entitlement to offer other relevant evidence. The presence of such provisions in ORS 813.326(1) and ORS 163.103(1) tends to imply a legislative intent not to otherwise limit the ability of a party to offer relevant evidence to satisfy its burden of proof. *See Smith v. Clackamas County*, 252 Or 230, 233, 448 P2d 512 (1969), *overruled on other grounds by Whipple v. Howser*, 291 Or 475, 487 n 6, 632 P2d 782 (1981) ("the inclusion of specific matter tends to imply a legislative intent to exclude related matters not mentioned").

In summary, the above statutes, when read in light of OEC 402's declaration that "[a]ll relevant evidence is admissible" (subject to the exceptions enumerated) persuade

---

[1] "Relevant" evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401.

me that the legislature has already made the policy choice that the lead opinion employs to support our result in *Garrett*. It also follows that I disagree with the dissent because the legislature's choice trumps the precedents on which the dissent relies. The dissent also posits that under Article I, section 11, "defendant had a right to waive a jury trial. *A fortiori*, he had a right partially to waive a jury trial, that is, to judicially admit to the prior conviction." 189 Or App at 323 (Schuman, J., dissenting). In other words, the dissent reasons that, because the right to waive a jury trial exists under the constitution, necessarily included within that right is the right to waive a jury trial on some elements of the charge and obtain a jury trial on other elements. However, no part of section 11 authorizes or refers to a partial jury waiver of elements of a charge. Rather, the relevant portion of Article I, section 11, provides that an accused person "with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone * * *." "Trial" in that context can only mean the "trial" of all the elements of the charge against the accused. In effect, the dissent rewrites section 11 rather than adhering to its text.

For the above reasons, I concur with the lead opinion's result.

**SCHUMAN, J.,** dissenting.

I agree with the majority that the result in this case follows necessarily from our recent decision in *State v. Garrett*, 187 Or App 201, 66 P3d 554 (2003). *Garrett* establishes that a trial court may not compel the state to accept a defendant's offer to stipulate that he or she has been convicted of an earlier crime when that conviction is an element of the crime for which the defendant is currently on trial. That being the case, if the state does not accept the stipulation voluntarily, the court may not exclude evidence of the fact of the prior conviction, because that evidence is necessary to prove the element. *Id.* at 204-05. The probative value of the evidence outweighs its potential for prejudice. *Id.* at 205.

I dissent because *Garrett* was wrongly decided. In that case, the entire discussion of defendant's stipulation to a prior conviction consisted of two sentences:

> "[D]efendant's stipulation, if accepted by the state, would have established the fact of his prior conviction. However, the state was not required to accept defendant's offer to stipulate to his prior conviction. *See State v. Wolfs*, 119 Or App 262, 850 P2d 1139, *rev den*, 317 Or 163 (1993)."

*Garrett*, 187 Or App at 204-05 (footnote omitted). To support the key proposition that the state was not required to accept the stipulation, the opinion provides only an indirect citation to *Wolfs*. In that case, the entire discussion of the issue is this:

> "Next, defendant argues that the trial court erred by allowing the state to withdraw a stipulation that it made in open court. The stipulation was that the state would not introduce evidence of defendant's earlier convictions for felonies, but would accept instead defendant's admission of the convictions. It also stipulated that it would not call a witness who had seen defendant with a gun on a prior occasion. After the stipulation and presentation of some evidence, the court granted a mistrial on defendant's motion. Just before the retrial began the next day, the state said that it was withdrawing the stipulation. The trial court ruled that the mistrial terminated the prior proceedings, including the stipulation.
>
> "Defendant argues that the state had an agreement that the court must enforce. He contends that he was prejudiced by withdrawal of the stipulation. The court did not abuse its discretion in allowing the state to withdraw the stipulation. Defendant had not changed his position and has not demonstrated any prejudice."

119 Or App at 267 (footnote omitted). *Wolfs*, it is clear, offers no support whatsoever, not even indirect support, for the proposition that, as a matter of law, a trial court may not unilaterally accept a defendant's offer to stipulate to the existence of a prior conviction. The case holds that a stipulation in one proceeding does not bind the state in a later one, and, more importantly, it strongly implies that, even in that situation, the stipulation could not be withdrawn if withdrawal caused prejudice.

A somewhat better citation would have been *State v. Leland*, 190 Or 598, 630, 227 P2d 785 (1951), *aff'd*, 343 US 790, 72 S Ct 1002, 96 L Ed 1302 (1952). In that murder case,

the defendant apparently made admissions regarding certain "gruesome" evidence for the purpose of preventing the jury from seeing it. The trial court allowed the evidence to be presented, and the Oregon Supreme Court affirmed, explaining:

> "The fact that these items of evidence were cumulative, that possibly the case could have been sufficiently proved without them, is not controlling. Nor was the state bound to content itself with admissions made on the trial [*sic*] by defendant's counsel for the purpose of keeping out this damaging evidence. As long as the defendant's plea of not guilty stood, the state had the right to prove its case up to the hilt and to choose its own way of doing so, subject only to the rules of evidence and the standard of fair play which should govern the prosecution of every criminal case. There is no rule which requires the district attorney to be mealy-mouthed or to withhold material evidence * * *."

190 Or at 630 (citations omitted). One problem with *Leland* as support for *Garrett* (over and above issue-begging phrases like "the standard of fair play") is that it does not deal with a defendant's offer to stipulate to an element of the crime so as to render evidence supporting that element irrelevant to any issue before the jury. In fact, introduction of such evidence would be contrary to the rules of evidence and therefore *not* subject to *Leland*'s imprimatur. A more basic problem with *Leland*, however, is that its pronouncement on accepting stipulations has been repudiated in a subsequent case. In *State v. Zimmerlee*, 261 Or 49, 492 P2d 795 (1972), the court held:

> "Although we have held that the state may prove its case 'to the hilt,' that privilege is not open to the state in circumstances where its exercise would unnecessarily expose a defendant to prejudice."

*Id*. at 54 (footnote citing *Leland* omitted).

Oregon cases, then, not only fail to support the holding of *Garrett*, they support the contrary proposition, that is, that the trial court may accept a stipulation when failing to do so would cause prejudice to the defendant. *Accord Old Chief v. United States*, 519 US 172, 117 S Ct 664, 136 L Ed 2d 574 (1997); *United States v. Orena*, 811 F Supp 819 (EDNY

1992). *But see United States v. Gilliam*, 994 F2d 97 (2nd Cir), *cert den*, 510 US 927 (1993). That inference finds more direct support from other sources as well.

Defendant has a right under Article I, section 11, of the Oregon Constitution to waive jury trial, subject only to the discretion of the trial court judge.

> "[Article I, section 11] establishes both that it is the criminal defendant who is entitled to insist on a jury or to waive that right and sets out the specific circumstances in which that choice may be restrained. Specifically, the provision grants to only one person the power to defeat a defendant's choice to be tried by the court sitting without a jury—the trial judge. The power to withhold consent is not granted to any other person or institution."

*State v. Baker*, 328 Or 355, 359-60, 976 P2d 1132 (1999). The state cites no authority that would prohibit defendant from exercising that right with regard to specific elements, so long as the exercise did not create confusion or otherwise prejudice the prosecution, nor can I find any.

In fact, the history of the part of Article I, section 11, at issue here—the clause giving a defendant the right to waive a jury trial—suggests that the primary concern in enacting it was to conduct trials " 'speedily, economically and fully protecting the right of the accused.' " *Baker*, 328 Or at 363 (quoting Official Voters' Pamphlet, General Election, Nov 8, 1932, 6). The ability of a trial court to accept a judicial admission that removes a single element from the jury's consideration, where the defendant has conclusively admitted that element, is consistent with promoting speedy and economical trials and with protecting the right of the accused. Judicial economy is served by allowing the accused, with the court's permission, to reduce the elements to be tried to those that are actually contested. The rights of the accused are protected by allowing the trial court to limit the danger of unfair prejudice, where, as here, it determines that no legitimate purpose would be served by admitting evidence on the element that the accused has conceded.

Once the trial court accepted defendant's admission, based on his stipulation, the question remains whether the

court erred by excluding all evidence of defendant's prior conviction. I would conclude that the court did not err. In determining whether "other crime" evidence is admissible,

> " 'the court should look at all of the issues in the case to see if the evidence is relevant to some issue other than the defendant's propensity to commit certain acts.' [*State v.*] *Dunn*, 160 Or App [422, 426, 981 P2d 809 (1999), *rev den*, 332 Or 632 (2001)]. The tests to determine whether the evidence of other crimes is relevant * * * apply only when the purpose for which the evidence is offered is something other than propensity. Balancing the probative value of the evidence against its prejudicial effect, to the degree that that is proper under OEC 404(4) when the evidence is offered against a criminal defendant, comes into play only if the court first determines that the evidence is relevant for a permissible purpose."

*State v. Osborne*, 174 Or App 88, 91, 25 P3d 356 (2001) (citations omitted). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. Once the trial court accepted defendant's binding admission that he had the prior conviction specified in ORS 163.160(3)(a), no evidence could possibly make that fact more probable. The evidence was not relevant and therefore no balancing needed to occur in order to determine that it was not admissible.[1]

In sum, I dissent because the present case is built on *Garrett*'s holding that the trial court may not accept an admission when doing so has the effect of compelling the state to accept a stipulation, and that holding is wrong. Precedent compels an opposite conclusion. Under Article I, section 11, defendant had a right to waive a jury trial. *A fortiori*, he had a right partially to waive a jury trial, that is, to judicially admit to the prior conviction. Having effected that

---

[1] The state does not argue that the evidence is relevant to some other element of the crime beyond the fact of the prior conviction, for example that it is relevant because, independently of that element, it tends to show that defendant is the kind of person who is likely to commit assault. Even if it had made that argument, however, it should be rejected; use of "other crime" evidence to show character is not a "permissible purpose," notwithstanding OEC 404(4). *Osborne*, 174 Or App at 92.

waiver, evidence of the prior conviction was no longer relevant for any permissible purpose, and the trial court did not abuse its discretion in suppressing it.