Argued and submitted July 28, 2011, affirmed May 9, petition for review denied October 18, 2012 (352 Or 600)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH MICHAEL KINNEY,
*Defendant-Appellant.*

Washington County Circuit Court
C082453CR; A143099

278 P3d 100

Jedediah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Paul L. Smith, Assistant Attorney General, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Denis M. Vannier, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Brewer, Judge.*

---

* Brewer, J., *vice* Sercombe, J.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment convicting him of four counts of encouraging child sexual abuse in the first degree, ORS 163.684, and four counts of encouraging child sexual abuse in the second degree, ORS 163.686. He raises three assignments of error, all but one of which we reject without discussion. We write only to address his contention that the trial court erred in admitting certain evidence despite his offer to stipulate that the disputed evidence depicted sexual conduct involving a child and that its creation involved child abuse. Because we determine that defendant's proffered stipulation did not make the evidence irrelevant or require its exclusion on the ground that its probative value was substantially outweighed by the danger that it would cause unfair prejudice to defendant, we affirm.

Pursuant to a search warrant, police examined the hard drive of defendant's computer and found two images and two videos depicting child sexual abuse on it. Based on defendant's possession, dissemination, and exchange of the images and videos (the evidence), the state charged defendant with first- and second-degree encouraging child sexual abuse, ORS 163.684; ORS 163.686.[1]

---

[1] We cite the current version of ORS 163.684 and ORS 163.686 because, even though those statutes were amended after defendant committed the crime in this case, those amendments are immaterial to our analysis. Or Laws 2011, ch 515, §§ 3, 4.

ORS 163.684 provides:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells a visual recording of sexually explicit conduct involving a child or knowingly possesses, accesses or views such a visual recording with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; or

"(B) Knowingly brings into this state, or causes to be brought or sent into this state, for sale or distribution, a visual recording of sexually explicit conduct involving a child; and

"(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse."

ORS 163.686 provides:

"(1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:

At trial, defendant offered to stipulate "that the images * * * depict sexually explicit conduct involving a child and the creation of the visual recordings of sexually explicit conduct * * * involved child abuse." The state refused to agree to the proposed stipulation, contending that it was not required to accept a stipulation on a material element of a crime and that the evidence was relevant, despite defendant's proffered stipulation, on the issues of mistake and intent. The trial court admitted the evidence over defendant's objection that his proposed stipulation (1) made the evidence irrelevant to any issue in the case and, hence, inadmissible under OEC 401 and OEC 402[2] or (2) required the evidence to be excluded under OEC 403 because the danger of unfair prejudice to defendant from the evidence substantially outweighed the probative value of the evidence to the state.[3]

Defendant appeals, contending that his proffered stipulation would have relieved the state of its burden to prove that the disputed visual recordings depicted sexually explicit conduct involving a child and that the creation of those recordings involved child abuse, thereby obviating the

"(a)(A)(i) Knowingly possesses or controls, or knowingly accesses with the intent to view, a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; or

"(ii) Knowingly pays, exchanges or gives anything of value to obtain or view a visual recording of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person; and

"(B) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse; or

"(b)(A) Knowingly pays, exchanges or gives anything of value to observe sexually explicit conduct by a child or knowingly observes, for the purpose of arousing or gratifying the sexual desire of the person, sexually explicit conduct by a child; and

"(B) Knows or is aware of and consciously disregards the fact that the conduct constitutes child abuse."

[2] OEC 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 402 provides that "evidence which is not relevant is not admissible."

[3] OEC 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

state's need to use the evidence to prove those elements of the charged crimes. Defendant relies on *State v. Hess*, 342 Or 647, 159 P3d 309 (2007), as support for his contention that the court erred in overruling his objection to the admission of the evidence.

In *Hess*, the defendant offered to stipulate to the existence of his prior convictions for public indecency, the existence of which would elevate the charges in the case to felonies for sentencing purposes, and asked the court not to disclose the stipulation to the jury. *Id.* at 649-50. The state filed a motion *in limine* seeking to have the court read to the jury the defendant's admission to the existence of his prior convictions for public indecency, but the court denied the motion. The state appealed the court's pretrial ruling on the *in limine* motion.

On Supreme Court review, the court explained that the "state's only arguable justification for offering evidence of [the] defendant's judicial admission during trial is that the disclosure would make the existence of the fact of the prior convictions 'more probable * * * than it would be without the evidence.' " *Id.* at 662 (quoting OEC 401) (omission in *Hess*). The court concluded that the defendant's judicial admission to his prior convictions relieved the state of its burden to prove the existence of the convictions and that, "when a defendant makes a judicial admission to a material fact, * * * the state must demonstrate that the rules of evidence support the admission of evidence subsequently offered to prove the judicially admitted fact." *Id.* at 664. The court went on to conclude that the trial court had correctly denied the state's motion because the state had not established that the evidence was admissible notwithstanding the defendant's judicial admission. *Id.*

Defendant argues that his case is analogous to *Hess*. He contends that his offer to stipulate that the evidence depicts sexually explicit conduct involving a child and that its creation involved child abuse established those facts for purposes of the trial in this case, thereby making the evidence both irrelevant and unfairly prejudicial.

Despite a stipulation, evidence may be admissible because it is relevant to prove a fact that is at issue notwithstanding the stipulation. *See State v. Brostrom*, 214 Or App 604, 607, 167 P3d 460 (2007), *rev den*, 344 Or 109 (2008) (evidence proving a defendant's prior conviction may be "admissible for some other purpose" even though the defendant's stipulation conclusively establishes the fact of the prior conviction); *State v. Sparks*, 336 Or 298, 311-12, 83 P3d 304, *cert den*, 543 US 893 (2004) (a stipulation makes evidence irrelevant when the evidence is relevant only to prove a fact that is established by the stipulation but not when the stipulation does not have equal evidentiary significance to the disputed evidence).

In *Hess*, the Supreme Court recognized that the state's only justification for offering the disputed evidence was to prove the existence of the defendant's prior convictions, which was precisely what was established through the defendant's judicial admission. Here, the state contends that the graphic nature of the evidence has a tendency to prove elements of the charged crimes to which defendant did *not* stipulate, *viz.*, his *knowledge* that the visual recordings depicted sexual conduct involving a child and that the creation of the evidence involved child abuse and that his *purpose* for possessing the recordings was to arouse sexual desire.

Defendant responds that

"showing the jury the video, as opposed to merely informing the jury that the video was of child pornography, would not make it any more likely that his actions were not a mistake. Nor would viewing the content of the video make a factfinder more likely to find that defendant's intent was to either disseminate the videos or possess them with a sexual purpose."

We disagree.

The graphic nature of the evidence has a tendency to establish that a person who viewed the recordings would know that they depicted sexually explicit conduct involving a child and that the conduct involved child abuse because a reasonable viewer of the evidence would know those things. Its graphic nature also makes it more likely that a person who possessed or disseminated the recordings would have a

sexual purpose for doing so. Conversely, the proposed stipulated facts do not have the same evidentiary effect on those elements of the charged crime as does the evidence itself. Thus, the evidence is relevant to prove defendant's knowledge of the content of the recordings and his sexual purpose for possessing them, notwithstanding defendant's proffered stipulation about aspects of their content. Consequently, the evidence was not inadmissible under OEC 401 and OEC 402.

Furthermore, the trial court did not err in overruling defendant's OEC 403 objection to the admissibility of the evidence.

> "Evidence is properly excluded under OEC 403 if its 'probative value' is 'substantially outweighed by,' *inter alia*, 'the danger of unfair prejudice, confusion of the issues, or misleading the jury.' Evidence is 'unfairly prejudicial' if it appeals to the preferences of the factfinder for reasons that are unrelated to its capacity to establish a material fact."

*State v. Borck*, 230 Or App 619, 636, 216 P3d 915, *adh'd to on recons*, 232 Or App 266, 221 P3d 749 (2009), *rev den*, 348 Or 219 (2010). Evidence is not unfairly prejudicial solely because it is graphic. *Sparks*, 336 Or at 313.

Here, the disputed recordings were relevant to prove that defendant knew that they depicted sexual conduct involving a child and child abuse and that defendant had a sexual purpose for possessing them. Whether the evidence should have been excluded under OEC 403 thus depends on whether the danger of unfair prejudice to defendant from its admission substantially outweighed that relevance. Defendant contends that the graphic nature of the evidence was extremely prejudicial and "would distract any juror from deciding the issues germane to the case."

Although the evidence depicts graphic images of sexual abuse of children, that is the unfortunate nature of evidence submitted in a trial in which a defendant is charged with possessing child pornography, and the graphic nature of those images alone is not a basis to exclude them under OEC 403. *Cf. State v. Barone*, 328 Or 68, 88, 969 P2d 1013 (1998), *cert den*, 528 US 1135 (2000) (noting, in a murder trial, that, "[a]lthough the photographs in question were graphic, they could not be said to be remarkable in the context of a murder

trial"). We are not persuaded that the trial court erred in concluding that the danger of unfair prejudice to defendant from the disputed evidence substantially outweighed the probative value of the evidence to the state.

Affirmed.