Argued and submitted November 3, 2004, decision of Court of Appeals reversed, order of trial court affirmed, and case remanded to trial court for further proceedings May 10, 2007

STATE OF OREGON,
*Respondent on Review,*

*v.*

JOHN DUANE HESS,
*Petitioner on Review.*

(CC 20-01-15408; CA A117315; SC S51141)

159 P3d 309

Andrew S. Chilton, Chilton, Ebbett & Rohr, LLC, Portland, argued the cause and filed the brief for petitioner on review.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

DURHAM, J.

** Riggs, J., retired September 30, 2006, and did not participate in the decision of this case. Carson, J., Chief Justice when this case was argued, retired December 31, 2006, and did not participate in the decision of this case. De Muniz, J., became Chief Justice on January 1, 2006. Kistler, Walters, and Linder, JJ., did not participate in the consideration or decision of this case.

**DURHAM, J.**

In this criminal case, the state appeals from an order of the trial court that prohibited the state from disclosing to the jury during trial the fact that defendant had made a judicial admission that he had previous convictions for public indecency—convictions that could elevate the public indecency charges at issue here to felonies. The Court of Appeals reversed the trial court's order. *State v. Hess*, 189 Or App 325, 75 P3d 469 (2003). For the reasons set out below, we reverse the Court of Appeals and affirm the trial court.

A grand jury indicted defendant for three counts of public indecency in violation of *former* ORS 163.465 (2003),[1] which provides:

"(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs:

"(a) An act of sexual intercourse;

"(b) An act of deviate sexual intercourse; or

"(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.

"(2)(a) Public indecency is a Class A misdemeanor.

"(b) Notwithstanding paragraph (a) of this subsection, public indecency is a Class C felony if the person has a prior conviction for public indecency or a crime described in ORS 163.355 to 163.445."

In addition to the factual elements of public indecency described in ORS 163.465(1), each count of the indictment recited that defendant had been "previously convicted of the crime of public indecency in Multnomah County District

---

[1] In 2005, the legislature amended ORS 163.465(2)(b) to provide:

"public indecency is a Class C felony if the person has a prior conviction for public indecency or a crime described in ORS 163.355 to 163.445 or for a crime in another jurisdiction that, if committed in this state, would constitute public indecency or a crime described in ORS 163.355 to 163.455."

Or Laws 2005, ch 434, § 1. That amendment does not affect our decision in this case, and future references to the statute in the text of the opinion therefore refer to the current version.

Court * * *" and, pursuant to ORS 163.465(2)(b), described each charged crime as a "Class C Felony."

Prior to trial, defendant informed the court that he would stipulate to his prior convictions for public indecency. He also requested that the court not disclose his stipulation to the jury and that the court consider his prior convictions only at sentencing if the jury convicted him of public indecency in this case.

We pause here to comment on the use of the legal term "stipulation" in this context by the parties and the courts below. ORS 163.465 does not place a label on a defendant's admission of a prior conviction. That statute, in fact, makes no reference at all to such an admission by a defendant. The legislature, in other statutory contexts, has used the term "stipulation" to describe a criminal defendant's acknowledgment of a prior conviction, whether or not the state also agrees, and the term "judicial admission" to describe the legal consequence of the defendant's "stipulation" to a prior conviction. *See, e.g.,* ORS 163.103(1) (aggravated murder); ORS 813.326(1)(a) (felony driving while under the influence of intoxicants), each quoted below.

The dictionary casts some doubt on the accuracy of the legislature's use of the term "stipulation" in the aggravated murder and felony driving while under the influence of intoxicants statutes, at least where the state does not agree to the proposition. A "stipulation" is a covenant to which the parties to litigation agree. *See Black's Law Dictionary* 1455 (8th ed 2004), which defines "stipulation" as:

> "1. A material condition or requirement in an agreement; esp., a factual representation that is incorporated into a contract as a term * * *. 2. A voluntary agreement between opposing parties concerning some relevant point; esp., an agreement relating to a proceeding, made by the attorneys representing adverse parties to the proceeding ‹the plaintiff and defendant entered into a stipulation on the issue of liability›."

If a party does not voluntarily agree to a proposed stipulation on a relevant point, there is no "stipulation" on that point.

A defendant's acknowledgment of a prior conviction, in reality, is a judicial admission, which is "[a] formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it." *Black's Law Dictionary* at 51. Although the state did not stand in the way of defendant's judicial admission here, and referred to defendant's acknowledgment as a "stipulation" that it felt obliged under the circumstances to accept, we recognize that the state did not make a true stipulation to defendant's prior convictions. Instead, defendant made a *judicial admission* to his prior convictions, an act that does not require the state's agreement.[2]

In response to defendant's proposed stipulation, the state filed a motion *in limine* requesting that the court read defendant's stipulation on the record in the presence of the jury and include the stipulation in the court's jury instructions. The state described the matter of defendant's prior convictions as an "element of the offense" that the state must prove to the jury beyond a reasonable doubt.

The trial court denied the state's motion *in limine*, accepted defendant's judicial admission to his prior convictions, and prohibited the state from introducing evidence or otherwise disclosing to the jury the judicial admission that defendant had made. The trial court explained its ruling as follows:

"THE COURT: I think that since it is an admission and the only purpose of this admission is to turn it from misdemeanor into felony and really, if the defendant is convicted, to determine the extent of his punishment, that the only purpose that the State could have here, once it is admitted, there cannot be any probative value, and the only purpose that the State could be offering this would be to prejudice the defendant in the eyes of the jury in the light of the fact that he has an old conviction.

---

[2] The foregoing definitional clarification notwithstanding, however, we will refer to a defendant's "stipulation" to a prior conviction when we analyze ORS 163.103(1) and ORS 813.326(1)(a) in deference to the legislature's choice of terminology in those statutes. In addition, we will use the term "stipulation" in this opinion from time to time in referring to defendant's judicial admission, because that is the term that the parties and the court below used in discussing the issue presented here.

> "When elements of the crime are admitted there is no necessity to prove them to the jury particularly in light of the fact that it is merely something the Court would take into account in the sentencing of the defendant, which I think * * * has no probative value whatsoever but if I am doing a balance test which I am required to do, then given the fact it has no probative value whatsoever to the jury, certainly the prejudicial effect far outweighs any probative value and I think the State merely is attempting to prejudice this jury and I think it would be improper for the Court to allow such evidence to come before the jury when it has been admitted.

> "Therefore, I'm denying the motion *in limine* regarding the defense stipulation and I will not submit nor will I allow any evidence of the prior conviction to the jury but it would be considered by the trial court only for purpose of the sentencing in this matter in determination if the defendant is found guilty of a felony."

The state notified the court of its intent to appeal that ruling. The trial court postponed the trial.

The state appealed, arguing that, notwithstanding defendant's stipulation, the state had an obligation to present proof on the element of defendant's prior conviction to the jury and, as a consequence, the trial court had erred in prohibiting the presentation of that evidence to the jury. The Court of Appeals agreed with the state and reversed in a per curiam decision. *Hess*, 189 Or App at 326. In so holding, the court relied on the reasoning in a companion case, *State v. Hambrick*, 189 Or App 310, 75 P3d 462 (2003), which it decided that same day. *Hambrick* held that, in a prosecution for felony assault in the fourth degree under ORS 163.160(3),[3] the trial court erred in suppressing evidence of

---

[3] ORS 163.160(3) provides:

"Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim;

"(b) The person has previously been convicted at least three times under this section or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence, as defined in ORS 135.230; or

"(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or victim."

the defendant's prior conviction, notwithstanding the defendant's judicial admission to it. According to the court in *Hambrick*, the trial court had no authority to compel the state to accept the defendant's stipulation or to remove the issue of the prior conviction from the jury. 189 Or App at 313. *Hambrick* also relied on *State v. Garrett*, 187 Or App 201, 205, 66 P3d 554 (2003), for the view that evidence of the prior conviction was necessary to prove an element of the felony charge and, for that reason, the probative value of the conviction outweighed any prejudice to defendant in introducing evidence of the prior conviction. This court granted review to evaluate those premises for the Court of Appeals decision in this case.

██ Defendant first argues that the state lacks statutory authority to appeal the trial court's order.[4] He relies on ORS 138.060, which provides, in part:

"(1) The state may take an appeal from the circuit court to the Court of Appeals from:

"(a) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(b) An order arresting the judgment;

"(c) An order made prior to trial suppressing evidence;

"(d) An order made prior to trial for the return or restoration of things seized;

"(e) A judgment of conviction based on the sentence as provided in ORS 138.222;

"(f) An order in a probation revocation hearing finding that a defendant who was sentenced to probation under ORS 137.712 has not violated a condition of probation by committing a new crime;

"(g) An order made after a guilty finding dismissing or setting aside the accusatory instrument;

"(h) An order granting a new trial; or

---

[4] The state points out that defendant raises this issue for the first time before this court. That is immaterial. A party may raise the issue of lack of subject matter jurisdiction at any time. *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 384, 8 P3d 200 (2000).

"(i) An order dismissing an accusatory instrument under ORS 136.130."

Defendant contends that the only arguable source of authority for the present appeal is ORS 138.060(1)(c), which authorizes an appeal from a trial court order suppressing evidence. Defendant asserts, however, that the issue on appeal is not the suppression of evidence, such as certified copies of defendant's judgments of conviction, used to prove an element of an offense. Rather, he contends that the issue is the removal of the fact of defendant's past convictions from the jury's consideration altogether. That, defendant insists, is more akin to the denial of a jury instruction, which is not appealable under ORS 138.060 or any other statute.

Defendant's argument is not persuasive. It does not matter, for the purposes of ORS 138.060(1)(c), if a trial court order suppresses the underlying evidence proving a fact, or if, as in this case, the court instead removes the fact itself from the jury's consideration and thereby deprives the proffered evidence of any probative value. The result is the same: The trial court has excluded evidence that the state desires to introduce at trial. That is all that ORS 138.060(1)(c) requires. As defendant acknowledges in his brief to this court,

"An order 'suppressing evidence' is construed broadly to include any order that excludes evidence. It is not simply an order granting a pre-trial motion to suppress. *State v. Koennecke*, 274 Or 169, 172-73, 545 P2d 127 (1976)."[5]

We conclude that, because the court's pretrial order in this case had the effect of excluding evidence from the jury's consideration, the state had authority to appeal the order under ORS 138.060(1)(c).

■ Defendant also argues that the state is not entitled to relief on appeal because it cannot demonstrate that the trial

---

[5] *Koennecke* addressed *former* ORS 138.060(3) (1975), which is analogous to ORS 138.060(1)(c). In that case, this court stated that, " 'for purposes of determining whether the state may appeal an order "suppressing" * * * evidence, the significant factor is whether the order has been made as the result of *some pretrial* action by the parties.' " *Koennecke*, 274 Or at 172 (quoting *State v. Hoare*, 20 Or App 439, 444, 532 P2d 240 (1975) (emphasis in original)); *see also State v. Hammerton / Walmsley*, 320 Or 454, 456 n 1, 886 P2d 1012 (1994) (in prosecutions for felony driving while revoked, state properly appealed from orders entered prior to trial that excluded revocation orders).

court's order will cause prejudice affecting a substantial right enjoyed by the state. *See* OEC 103(1).[6] He contends that the state's rights are fully protected for three reasons. First, the trial court's order does not impair the state's ability to obtain a conviction for felony public indecency because, if the jury finds defendant guilty of the underlying misdemeanor charges of public indecency, the court will use his prior convictions at sentencing, consistently with the state's position, to elevate his sentences to felonies. Second, following trial, defendant will not be able to attack the validity of a guilty verdict rendered by the jury, because the court would dismiss any challenge as invited error, given that defendant offered to stipulate to his prior convictions. Finally, defendant cannot challenge his conviction collaterally, because stipulating to the prior conviction to keep it away from the jury is a legitimate tactical decision.

The legislature has conferred upon the state a statutory right to trial by jury in criminal cases.[7] ORS 136.001(1) provides:

"The defendant and the state in all criminal prosecutions have the right to public trial by an impartial jury."

ORS 136.001(2) provides:

"Both the defendant and the state may elect to waive trial by jury and consent to a trial by the judge of the court alone, provided that the election of the defendant is in writing and with the consent of the trial judge."

---

[6] OEC 103(1) provides:

"Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected * * *."

[7] That right is not absolute, however. In *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999), this court held that the state cannot insist on a trial by jury if a defendant chooses to waive a jury trial, because Article I, section 11, of the Oregon Constitution grants the defendant in noncapital cases both the right to a jury trial and the right to waive a jury trial with the consent of the trial judge, if the election is in writing. Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, * * * any accused person, in other than capital cases, and with the consent of the trial judge, may elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing[.]"

Here, defendant has not elected to waive a trial by jury. Therefore, the state's statutory right to a jury trial remains in effect.

The issue presented here is whether the trial court's order violated that right or the court otherwise lacked authority to remove from the jury the question whether defendant has previous convictions for public indecency. The state contends that Oregon law affirmatively deprives trial courts of the authority to preclude the state from proving defendant's prior convictions to the jury. This court has not addressed the question previously. However, if the state's argument is correct, the trial court's ruling would affect the state's asserted substantial right to present to the jury defendant's judicial admission of his prior convictions. As a consequence, the trial court ruling does affect a "substantial right" of the state under OEC 103(1).

We turn next to the merits and consider whether, in a prosecution for felony public indecency, a trial court, after a defendant has made a judicial admission to his prior convictions, may prevent the state from introducing evidence of that admission to the jury. The state does not contest the adequacy of defendant's judicial admission to prove the "prior conviction" requirement in ORS 163.465(2)(b) and the state does not seek to introduce the facts of the prior crimes or any other evidence regarding the prior conviction requirement. Rather, the state seeks only the opportunity to disclose the judicial admission to the jury at trial. In addressing the question presented, we take into account all relevant sources that bear on the court's authority, including the text and context of the pertinent statutes and any case law that construes those statutes.

The text of ORS 163.465 does not address the question of the trial court's authority to suppress evidence of defendant's judicial admission or other evidence of his prior convictions. In that respect, the public indecency statute resembles certain statutes that elevate the classification of an offense and, thus, the resulting punishment, if the defendant committed the underlying offense following a prior conviction. Examples include ORS 163.160(3) (felony assault in

the fourth degree), to which we referred earlier in this opinion, and ORS 811.182 (misdemeanor and felony driving while suspended or revoked for committing certain listed crimes).[8] Other statutes specifically provide that a prior felony conviction is a factual predicate for a separate offense. *See, e.g.,* ORS 166.270(1) (felon in possession of a firearm);[9] and ORS 166.270(2) (felon in possession of a restricted weapon).[10] But those statutes also are silent as to how the trial court may address the proof of a prior conviction.

Other criminal statutes, by contrast, expressly require both pleading and proof of a prior conviction and specify the procedure that the trial court must follow in accepting the defendant's "stipulation" to a prior conviction.

---

[8] ORS 811.182 provides, in part:

"(1) A person commits the offense of criminal driving while suspended or revoked if the person violates ORS 811.175 and the suspension or revocation is one described in this section, or if the hardship or probationary permit violated is based upon a suspension or revocation described in subsection (3) or (4) of this section.

"* * * * *

"(3) The crime is a Class B felony if the suspension or revocation resulted from any degree of murder, manslaughter, criminally negligent homicide or assault resulting from the operation of a motor vehicle or if the revocation resulted from a conviction for felony driving while under the influence of intoxicants.

"(4) The crime is a Class A misdemeanor if the suspension or revocation is any of the following: [listing grounds for suspension or revocation, including commission of certain crimes]."

[9] ORS 166.270(1) provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

[10] ORS 166.270(2) provides:

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any instrument or weapon having a blade that projects or swings into position by force of a spring or by centrifugal force or any blackjack, slungshot, sandclub, sandbag, sap glove or metal knuckles, or who carries a dirk, dagger or stiletto, commits the crime of felon in possession of a restricted weapon."

*See* ORS 163.103(1) (discussing pleading, proof, and stipulation matters in prosecution for aggravated murder under ORS 163.095(1)(c) (murder committed after previous conviction for murder or manslaughter in the first degree));[11] ORS 813.326(1) (felony driving while under the influence of intoxicants).[12] We note that the stipulation procedure that the trial court followed here was virtually identical to the procedure that the legislature has provided for prosecutions for aggravated murder under ORS 163.103(1) and for felony driving while under the influence of intoxicants under ORS 813.326(1).

---

[11] ORS 163.103(1) provides:

"In a prosecution for aggravated murder under ORS 163.095(1)(c), the state shall plead the previous conviction, and shall prove the previous conviction unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state agrees to it;

"(b) The defendant's stipulation to the previous conviction constitutes a judicial admission to that element of the accusatory instrument. The stipulation shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) For the purpose of establishing the prior conviction solely as an element of the crime under ORS 163.095(1)(c), neither the court nor the state shall reveal to the jury the previous conviction, but the previous conviction is established in the record by the defendant's stipulation, and;

"(d) The court shall not submit the accusatory instrument or evidence of the previous conviction to the jury."

[12] ORS 813.326(1) provides:

"In a prosecution for felony driving while under the influence of intoxicants under ORS 813.010, the state shall plead the prior convictions and shall prove the prior convictions unless the defendant stipulates to that fact prior to trial. If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state agrees to it;

"(b) The defendant's stipulation to the prior convictions constitutes a judicial admission to that element of the accusatory instrument. The stipulation shall be made a part of the record of the case, but shall not be offered or received in the presence of the jury;

"(c) For the purpose of establishing the prior convictions solely as an element of the crime under ORS 813.010, neither the court nor the state shall reveal to the jury the prior conviction, but the prior convictions are established in the record by the defendant's stipulation, and;

"(d) The court shall not submit the accusatory instrument or evidence of the prior convictions to the jury."

The state asserts that, under ORS 163.465(2)(b) and, presumably, the other statutes cited above that require proof of a prior conviction, the fact of a prior conviction is an element of each crime that the state must prove to the jury. Certainly that argument has some weight where the legislature expressly has required both pleading and proof of prior conviction, as in ORS 163.095(1) (aggravated murder) and ORS 813.326(1) (felony driving while under the influence of intoxicants). But, even with regard to the latter statutes, the question is not free from doubt, particularly in cases where the defendant "stipulates" to a prior conviction and, by statute, neither the parties nor the court may disclose the prior conviction to the jury. *See* ORS 163.095(1)(c) and ORS 813.326(1)(c) (each prohibiting disclosure of prior conviction to jury). In that circumstance, the fact of the prior conviction instead may serve only as a factual predicate for classification of the crime and, by virtue of that classification, for sentencing. That is, the prior conviction may be a sentencing factor rather than an element of the crime.[13]

Resolving the question whether a prior conviction is a crime element or a sentencing factor under ORS 163.465(2)(b) is not a simple matter. As this court noted in *State v. Sawatzky*, 339 Or 689, 125 P3d 722 (2005), the United States Supreme Court has recognized, but found analytically unhelpful, the "constitutionally novel and elusive distinction between 'elements' and 'sentencing factors.' " *Id.* at 695 (citing *Apprendi v. New Jersey*, 530 US 466, 494, 120 S Ct 2348, 147 L Ed 2d 435 (2000)). Moreover, any conclusion on the question may affect this court's resolution of important but unanswered issues of state and federal constitutional law regarding required procedures for the conviction and sentencing of criminal offenders under "prior conviction" statutes. *See State v. Wedge*, 293 Or 598, 605-06, 623 P2d 630 (1982) (suggesting in *dictum* that the right to jury trial under Article I, section 11, of the Oregon Constitution, applies to

---

[13] In 2005, the legislature enacted specific procedures for the pleading and proof of an "enhancement fact," which the legislature defined as "a fact that is constitutionally required to be found by a jury in order to increase the sentence that may be imposed upon conviction of a crime." Or Laws 2005, ch 463, § 1 (2). Those statutory procedures appear in the text preceding ORS 136.001. Because the legislature adopted those procedures effective July 7, 2005, after the occurrence of the crimes alleged in the indictment here, they do not affect our disposition in this case.

the "facts which constitute the crime," but not "those which characterize the defendant * * *[;]" facts which "go to the criminal acts for which a defendant is to be punished" must go to the jury "unless admitted or waived"); *State v. Quinn*, 290 Or 383, 406, 623 P2d 630 (1981) (suggesting in *dictum* that, under Article I, section 11, court without jury may find facts regarding " 'the kind and character of a man upon whom sentence is to be imposed,' " quoting *State v. Hicks*, 213 Or 619, 630, 325 P2d 794 (1958)). *Cf. Apprendi*, 530 US at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

We conclude, however, that, for the reasons expressed below, we can resolve this case without deciding whether the prior conviction requirement in ORS 163.465(2)(b) is a crime "element" that the state must prove to the jury; we will assume *arguendo* that it is a crime element. As the following discussion explains, we must accord to defendant's judicial admission to that crime element its ordinary legal effect. We then must consider whether, consistently with ORS 163.465(2)(b), the trial court correctly declined to disclose to the jury defendant's judicially admitted prior convictions. We turn now to those matters.

ORS 163.465(2)(b), as noted, is silent regarding matters of trial procedure in the context of a defendant's judicial admission to a prior conviction. By contrast, two statutes that we referred to above, ORS 163.103(1) and ORS 813.326(1)(a), provide explicit procedural instructions to a trial court regarding similar judicial admissions by a defendant in other criminal trials. We ordinarily infer from textual differences in statutes a legislative intent to achieve different results.

We apply that principle here, but doing so does not dictate a particular outcome. That is because, in this case, in determining the "different result" that the legislature sought to achieve in ORS 163.465(2)(b), we must give effect to the fact that that statute is silent about the subject of judicial admissions. Depending on the context, the legislature's silence can signify a variety of policy choices regarding the use of judicial admissions during trial. Those choices may

range from a specific alternative set of procedures to reliance on the broad authority of trial courts to resolve procedural matters that arise during trial in the interest of justice. Nothing in the present context suggests that the legislature intended by its silence to require the use of some specific alternative set of procedures in this setting. Moreover, no contextual clue suggests that the legislature intended to restrict trial court authority in some *particular* way. We are reluctant to infer from the legislature's silence an intent to deprive the court of its traditional authority to address procedural matters during trial, including matters involving a judicial admission. We are persuaded that the legislature's silence here signifies an intent to allow the familiar rules of evidence, rather than legislatively specified procedural rules, to govern the admissibility of a judicial admission of a prior conviction in a prosecution under ORS 163.465(2)(b).

■    In the present case, defendant's judicial admission to his prior convictions established completely the existence of the prior convictions as a factual and legal matter and relieved the state of its burden to prove their existence during trial. The judicial admission ensured that the court would treat defendant's crimes as Class C felonies, in accordance with ORS 163.465(2)(b), if the jury found him guilty of public indecency as charged in the indictment. That consequence fully accomplished the legislature's objective in adopting ORS 163.465(2)(b).

The state's right to prove its case in the manner that it chooses is subject to the rules of evidence that govern the prosecution of every criminal case. *State v. Leland*, 190 Or 598, 630, 227 P2d 785 (1951). The rules of evidence govern the presentation of all factual matters to the jury during a criminal trial, including facts concerning defendant's prior convictions in this case. We turn briefly to those rules of evidence that relate to our present discussion.

OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

OEC 402 provides:

> "All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law. Evidence which is not relevant is not admissible."

Applying those rules of evidence here, several conclusions are clear. After defendant made his judicial admission, the state's right to present the fact of defendant's admission to the jury turned on whether it was "relevant evidence" under OEC 402. The state's request to inform the jury about the admission was problematic under that rule.

OEC 402 bars the admission of evidence that is not "relevant evidence." The state's only arguable justification for offering evidence of defendant's judicial admission during trial is that the disclosure would make the existence of the fact of the prior convictions "more probable * * * than it would be without the evidence." OEC 401. But the trial court concluded that, after defendant made his judicial admission, a disclosure of evidence of the judicial admission would have "no probative value whatsoever * * *." The assumption underlying that conclusion is that the judicial admission unconditionally resolved the prior convictions issue in the state's favor and left only a sentencing issue for the court under ORS 163.465(2)(b) if the jury returned a verdict of guilty.

The trial court's conclusion was correct. As noted, the effect of the judicial admission was to establish the fact of the prior convictions conclusively and to relieve the state of its burden to prove the existence of the prior convictions. The judicial admission ensured that the court would effectuate the consequence of proof of a prior conviction, as described in ORS 163.465(2)(b), by sentencing defendant as a felon if the jury convicted him. The state was not entitled to more.

This court's reasoning in *State v. Zimmerlee*, 261 Or 49, 492 P2d 795 (1972), supports the trial court's ruling here. In *Zimmerlee*, the state charged the defendant with armed robbery with a gun. The state sought to introduce evidence at trial that, after the alleged robbery, the defendant had used a

similar gun in a separate encounter with another victim. The defendant objected and offered to stipulate that he had possessed the gun during the later incident. The state refused to stipulate. The trial court allowed the state to offer, and the trial court admitted, evidence of the defendant's possession of the gun during the later incident, because it showed the existence of a common scheme or plan embracing each crime. *Id.* at 51-52.

On review, this court reversed. This court disagreed that the two acts had a common signature that would have allowed the trial court to admit evidence of the later crime to prove that the defendant had committed the earlier robbery. The court acknowledged that evidence that the defendant had possessed a gun during the later encounter was relevant to show that the defendant had possessed a gun during the robbery. However, any justification for introducing that evidence evaporated, according to this court, when the defendant offered to stipulate to possessing the gun during the second encounter. This court stated:

> "Although we have held that the state may prove its case 'to the hilt,' that privilege is not open to the state in circumstances where its exercise would unnecessarily expose a defendant to prejudice. Once defendant offered to stipulate that he had possession of the gun subsequent to the alleged robbery, the only purpose that would be served by permitting the state to prove the subsequent crime would be to show that because defendant had committed another crime he was a bad man and therefore probably committed the crime for which he was charged. In these circumstances the prejudicial effect of the evidence would outweigh its probative value and it is not admissible."

*Id.* at 54 (footnotes omitted).

We recognize that *Zimmerlee* principally addressed whether, in light of the defendant's judicial admission, the prejudicial effect of the state's evidence of the defendant's possession of a gun outweighed its probative value. This case, by contrast, does not call for a determination whether the danger of unfair prejudice requires exclusion of prosecution evidence that has some probative value. The issue here is whether a judicial admission of prior convictions can nullify

the state's justification under the rules of evidence for disclosing the judicial admission to the jury. We do not think that the different procedural posture of the present case makes the principle involved any less applicable.

Fairly read, *Zimmerlee* indicates that, when a defendant makes a judicial admission to a material fact, such as involvement in another crime, the state must demonstrate that the rules of evidence support the admission of evidence subsequently offered to prove the judicially admitted fact. We conclude, as in *Zimmerlee*, and for the reasons discussed above, that the state did not make that demonstration here. As a result, the trial court correctly denied the state's motion *in limine*.

The decision of the Court of Appeals is reversed. The order of the trial court is affirmed, and the case is remanded to the trial court for further proceedings.