Argued and submitted May 31, 2016, reversed and remanded June 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALLAN JAMES PARKER,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1400723; A157594

398 P3d 437

Erik M. Blumenthal argued the cause for appellant. On the brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.*

_____

* Tookey, J., *vice* Hadlock, C. J.

## TOOKEY, J.

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220, three counts of felon in possession of a firearm, ORS 166.270, two counts of coercion, ORS 163.275, and two counts of assault in the fourth degree constituting domestic violence, ORS 163.160. Defendant assigns error to the trial court's admission into evidence of a certified judgment of conviction showing that, in 2006, defendant was convicted of unlawful delivery of methamphetamine. For the reasons that follow, we reverse and remand.

Before trial, for the purpose of proving that he was a felon in possession of a firearm, ORS 166.270, defendant offered to acknowledge that he had previously been convicted of a felony crime in the form of a "stipulation."[1] Defendant argued that the type of felony for which he was previously convicted—delivery of methamphetamine—is "irrelevant" and "unduly prejudicial in a case like this" and objected to the state offering a certified judgment of conviction that disclosed that the conviction was for the delivery of methamphetamine, "given *** society's general feelings about methamphetamine addiction." Defendant contended that the trial court had to exclude evidence of the name of the crime of which he had been convicted, stating that, if the court were to admit the evidence in the form of the certified judgment of conviction, the name of the crime of conviction "should be redacted, because it addresses prior bad acts," and that "the only reason [the state] would introduce the type of convictions, [is because] they hope to put some of that stink on" defendant.

The state argued that the trial court had the discretion to accept defendant's stipulation or to accept the

---

[1] ORS 136.433 provides a statutory mechanism that permits a defendant to unilaterally "stipulate" to the fact of a previous conviction if certain conditions are met. As the Supreme Court noted in *State v. Hess*, 342 Or 647, 651, 159 P3d 309 (2007), "[a] defendant's acknowledgment of a prior conviction, in reality, is a judicial admission" which "does not require the state's agreement." On the other hand, "[a] stipulation is a covenant to which the parties to litigation agree." *Id.* at 650. However, we follow the Supreme Court's lead and refer to a defendant's "stipulation" to a prior conviction when we analyze ORS 136.433 in deference to the legislature's choice of terminology in that statute. *Id.* at 651 n 2.

certified judgment of conviction that disclosed that the conviction was for delivery of methamphetamine because "the state of Oregon does not have a statute like they do for felony DUII, which specifically says that the defense can stipulate to the prior conviction."[2] The state did not argue that the name of the crime was independently relevant, but contended that the name of the crime was not unfairly prejudicial because "the crime has nothing to do with what * * * is alleged in this case." The state continued, stating that it "might be in a different position if this were another firearm case or another domestic violence case where that might be overly prejudicial."

The trial court agreed with the state. It explained that, "[i]f the state wants to offer evidence as to the exact nature of the conviction, I don't think that's a problem" because "the nature of the charges are entirely different than the conviction." Based on that reasoning, the court overruled defendant's objection to the admission of the certified judgment of conviction showing that defendant was convicted for delivery of methamphetamine. The court required the state to redact information other than the name of the crime of conviction before it admitted the certified judgment of conviction as evidence that defendant had been previously convicted of a felony. Following a jury trial, defendant was convicted of the multiple crimes that we noted at the outset of this opinion.

On appeal, defendant first argues that, under *State v. Hess*, 342 Or 647, 651, 159 P3d 309 (2007), his "attempt to stipulate constituted a judicial admission that did not require the state's consent, and the trial court was required to accept it." Alternatively, relying on *Old Chief v. United States*, 519 US 172, 117 S Ct 644, 136 L Ed 2d 574 (1997) and *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987), defendant argues that the trial court erred in admitting the certified

---

[2] We note that at the time of defendant's trial in 2014, the legislature had enacted the provisions of Senate Bill (SB) 242A (2009) that were subsequently codified at ORS 136.433. One of the purposes of SB 242A was to codify the Supreme Court's decision in *Hess*, which held that the trial court could accept a defendant's unilateral stipulation to a prior conviction over the state's objection. Or Laws 2009, ch 180, § 2; Staff Measure Summary, Senate Committee on Judiciary, SB 242A, Jan 27, 2009.

judgment of conviction showing the name of the crime of conviction because any "probative value of evidence that defendant was previously convicted of unlawful delivery of methamphetamine was substantially outweighed by unfair prejudice" under OEC 403.

The state disagrees that this situation is controlled by *Hess*, noting that the trial court was not required to accept defendant's unilateral stipulation because he did not comply with the requirements of ORS 136.433.[3] Additionally, the state disagrees with defendant's view that OEC 403 required exclusion of the name of defendant's crime of conviction because, in the state's view, OEC 404(4) prescribes a narrower, "due process balancing" test that requires evidence to violate the Due Process Clause before it may be excluded from a criminal prosecution. Thus, on appeal, the state asks us to review whether the introduction of the certified judgment of conviction that disclosed the name of defendant's previous felony conviction was so unfairly prejudicial as to "render the trial fundamentally unfair." The state does not independently argue that the evidence would nevertheless be admissible under a "traditional" OEC 403 analysis.

Because, as noted above, the record might have developed differently if the state had raised the requirements of ORS 136.433 in the trial court, we do not consider the implications, if any, of defendant's failure to comply with the procedures set forth in that statute. Further, we agree with the parties that, in the absence of a stipulation of the sort envisioned by ORS 136.433, defendant's argument that

---

[3] Defendant filed a memorandum of additional authorities in response to the state's argument that defendant did not comply with the requirements of ORS 136.433. Defendant, pointing to *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), contends that, "had the state objected to defendant's proposed stipulation on the grounds that defendant did not comply with ORS 136.433, the record would have developed differently." Defendant asserts that, if the state had raised that issue below, instead of representing to the court that no Oregon statute allowed for such a stipulation, "defendant would have simply complied with ORS 136.433, and then ORS 136.433(2) would have required that the trial court 'shall accept' the stipulation." Because defendant "might have created a *different* record below had the [state] raised that issue, and the record could affect the disposition of the issue," we decline to consider it for the first time on appeal. *Outdoor Media Dimensions Inc.*, 331 Or at 660 (emphasis in original).

the name of the crime of conviction should be excluded as overly prejudicial required the court to engage in some kind of balancing. *See Hess,* 342 Or at 661 ("The rules of evidence govern the presentation of all factual matters to the jury during a criminal trial, including facts concerning [a] defendant's prior convictions."); ORS 136.433(1) ("[T]he state has the burden of proving the previous conviction unless the defendant stipulates to that fact."). As we will explain, we conclude the trial court abused its discretion in rejecting defendant's argument that redaction of the name of his prior crime was necessary to avoid unfair prejudice and, consequently, in admitting the certified judgment of conviction that disclosed the name of his prior conviction. Thus, we only address the parties' arguments about balancing.

Both parties' arguments regarding balancing assume that the certified judgment of conviction is evidence of "other crimes, wrongs or acts" and, accordingly, is subject to OEC 404(3) and OEC 404(4). The parties implicitly disagree about the relationship between OEC 404(3) and OEC 404(4), and, consequently, they dispute the type of balancing that was required under the circumstances. As a result, they disagree about whether the admission of the certified judgment of conviction that disclosed the name of defendant's prior conviction was a permissible outcome.

In *State v. Baughman,* 361 Or 386, 393 P3d 1132 (2017), the Supreme Court clarified the relationship between OEC 404(3), OEC 404(4), and OEC 403. OEC 404(3) provides:

> "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The first sentence of that section has been superseded by OEC 404(4), *Baughman,* 361 Or at 404, which provides:

> "In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a)   [OEC 406 through 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b)   The rules of evidence relating to privilege and hearsay;

"(c)   The Oregon Constitution; and

"(d)   The United States Constitution."

In applying those two sections, *"Baughman* instructs that, when presented with an objection to other acts evidence, a court should first analyze any proffered nonpropensity purposes under OEC 404(3)." *State v. Jones*, 285 Or App 680, 687, 398 P3d 376 (2017). "Then, only if necessary, should it proceed to analyze any OEC 404(4) theories." *Id.* Once a court concludes that the "evidence is relevant for either OEC 404(3) or OEC 404(4) purposes, OEC 403 balancing applies." *Id.* at 687 n 6.[4]

Here, the court concluded, the parties assume, and we agree, that the evidence of defendant's prior felony conviction was relevant for a nonpropensity purpose as direct evidence of an element of the crime—namely, that defendant was a felon. *See* ORS 166.270(1) ("Any person who has been convicted of a felony * * * who owns or who has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."); *State v. Earp*, 69 Or App 365, 368, 686 P2d 437, *rev den*, 298 Or 334 (1984) (judgment of previous murder conviction was admissible as direct evidence of an element of the aggravated murder charge—namely, that the defendant had "been convicted previously in any jurisdiction of any homicide" constituting murder or first-degree manslaughter under Oregon law). Thus, OEC 404(4) is not at issue in this case. *See Baughman*, 361 Or at 404 (explaining how to analyze the admissibility of evidence under OEC 404(3) and OEC 404(4)).

---

[4] The court in *Baughman* "did not decide, however, 'whether, in addition to objecting to the admission of such evidence, a party also must explicitly seek balancing under OEC 403.'" *Jones*, 285 Or App at 687 n 6 (quoting *Baughman*, 361 Or at 404 n 9).

Moreover, the court in *Baughman* also rejected the state's argument that the required balancing is narrow "due process balancing" rather than "traditional" balancing under OEC 403. The court held, in light of "the text, context, and legislative history of OEC 404(4)," that, "in enacting that rule of evidence, the legislature intended trial courts to conduct the balancing required by OEC 403 according to its terms." *Baughman*, 361 Or at 402. Thus, regardless of whether evidence is relevant under OEC 404(3) or under OEC 404(4), trial courts must conduct OEC 403 balancing before admitting the evidence, at least when requested as occurred in this case. *Id.* at 404-05.

The court also noted that due process considerations nevertheless are significant in applying OEC 403:

> "As this court explained in [*State v.*] *Williams*, [357 Or 1, 346 P3d 455 (2015),] it is the Due Process Clause that requires the application of OEC 403. The common-law underpinnings of that rule, the Supreme Court's explanation of the meaning of the term unfair prejudice in *Old Chief*, and its description of the role that balancing plays in *Dowling* [*v. United States*, 493 US 342, 110 S Ct 668, 107 L Ed 2d 708 (1990),] all remind us that OEC 403 balancing must be conducted to preclude the admission of concededly relevant evidence that has the capacity to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."

*Baughman*, 361 Or at 402-03 (internal citations and quotation marks omitted). The court also reiterated its statement in *Williams*, that

> "'when "other acts" evidence "goes only to character and there are *no* permissible inferences the jury may draw from it," it is more likely that the evidence will be excluded. Such evidence generally will have little or no cognizable probative value, and the risk that the jury may conclude improperly that the defendant had acted in accordance with past acts on the occasion of the charged crime will be substantial.'"

*Baughman*, 361 Or at 403 (quoting *Williams*, 357 Or at 20 (emphasis in *Williams*)).

Thus, the purpose for which other acts evidence is being introduced "will have a significant effect" on whether a trial court admits the evidence under OEC 403. *Baughman*, 361 Or at 405. In this case, as explained above, the purpose of admitting the certified judgment of conviction was solely to prove the element of a prior felony conviction. ORS 166.270; *see Bailey v. Lampert*, 342 Or 321, 327, 153 P3d 95 (2007) (any "person who has the status of 'felon' *** falls within the class of persons that are not permitted to possess firearms"). Under ORS 166.270, "[t]he allegation of a prior felony is only an allegation of the status of the defendant," and "whether a defendant's earlier conviction was a felony is a question of law." *State v. Rainoldi*, 351 Or 486, 498, 268 P3d 568 (2011) (internal quotation marks and citation omitted); *see* ORS 136.310 (questions of law shall be decided by the court). Thus, the name of the felony conviction is not probative of any fact that the jury must decide. Instead, "[t]he sole question before the jury is whether or not defendant was previously convicted," and "[i]t is a matter of law for the court to determine whether the crime committed constituted a felony." *State v. Anderson*, 241 Or 18, 22, 403 P2d 778 (1965). With the purpose for which the other acts evidence was introduced in mind, we turn to the question of whether it was error for the trial court to admit that evidence under OEC 403.

OEC 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." In making a decision under OEC 403, a trial court should engage in the following four steps:

> "First, the trial judge should assess the proponent's need for the *** misconduct evidence. In other words, the judge should analyze the quantum of probative value of the evidence and consider the weight or strength of the evidence. In the second step the trial judge must determine how prejudicial the evidence is, to what extent the evidence may distract the jury from the central question whether the defendant committed the charged crime. The third step is the judicial process of balancing the prosecution's need for

> the evidence against the countervailing prejudicial danger of unfair prejudice, and the fourth step is for the judge to make his or her ruling to admit all the proponent's evidence, to exclude all the proponent's evidence or to admit only part of the evidence."

*Mayfield*, 302 Or at 645. "We review a trial court's decision to admit evidence challenged under OEC 403 for an abuse of discretion." *State v. Thompson*, 328 Or 248, 258, 971 P2d 879, *cert den*, 527 US 1042 (1999).

An OEC 403 analysis requires the court to analyze the value of any proffered evidentiary alternatives to "assess the proponent's need for the *** misconduct evidence." *Mayfield*, 302 Or at 645; *see Williams*, 357 Or at 22 n 21 (when assessing the probative value of evidence, a court should determine "whether other evidence that does not carry the same risk of unfair prejudice is available to prove an element of the charged crime" (citing *Old Chief*, 519 US at 174)). Thus, in this case, defendant's argument that the name of the crime had to be redacted required the trial court to assess the probative value of the name of defendant's prior crime of conviction in light of the availability of the redacted judgment of conviction and the purpose for which the other acts evidence was introduced.

The state "must convince the court that the evidence is not only logically relevant but also that its probative value is substantial enough to outweigh any attendant danger of unfair prejudice." *Mayfield*, 302 Or at 645. Here, in response to defendant's argument that the type, or name, of his crime of conviction is not probative of any fact at issue, the state did not explain any way in which the name of defendant's prior conviction—delivery of methamphetamine—was probative of any fact related to this prosecution. Nor did the state assert that the unredacted judgment was necessary to provide context for other evidence or, for that matter, to prove its case in chief. *See State v. Zimmerlee*, 261 Or 49, 54, 492 P2d 795 (1972) ("Although we have held that the state may prove its case 'to the hilt,' that privilege is not open to the state in circumstances where its exercise would unnecessarily expose a defendant to prejudice."). Under those circumstances, there was no cognizable difference between the

evidentiary significance of the redacted judgment and the probative component of the judgment of conviction offered by the state, other than the fact that there is a risk of prejudice inherent in the judgment that discloses the name of the crime of conviction that is wholly absent from a redacted judgment. In the face of a nonprejudicial evidentiary equivalent, the state has not demonstrated any need to introduce the name of defendant's prior conviction or that the name of defendant's prior conviction had *any* probative value.[5]

In contrast, the fact that defendant's prior conviction was for delivery of methamphetamine was unfairly prejudicial to defendant. Defendant argues, and we agree, that "selling methamphetamine is widely considered to be criminal conduct that is very detrimental to the community."[6] In this case, the only purpose that would be served by permitting the state to introduce the name of defendant's crime of conviction would be to show that defendant is "a bad man and therefore probably committed the crime for which he was charged." *Zimmerlee*, 261 Or at 54; *see Baughman*, 361 Or at 405 ("[W]hen evidence is relevant only to prove a defendant's character, more significant due process concerns are implicated, and, generally, the danger of unfair prejudice will substantially outweigh the probative value of the evidence.").

Where a defendant has objected to the admission of a prejudicial piece of evidence and offered a nonprejudicial evidentiary equivalent, the Supreme Court has stated that

---

[5] We note that often times it may be difficult for a defendant to offer a nonprejudicial evidentiary equivalent when the evidence at issue is not being used to prove a legal status. *See State v. Sparks*, 336 Or 298, 309-12, 83 P3d 304 (2004) (discussing the need for evidentiary alternatives to have "equal evidentiary significance" and to not leave "gaps in the prosecution's narrative of the crime" for the court to apply the principles discussed in *Old Chief* and *Zimmerlee*).

[6] *See* ORS 475.890 (classifying the delivery of methamphetamine as a Class B felony or a Class A felony "if the delivery is to a person under 18 years of age"); *State v. Westfall*, 178 Or App 343, 350, 37 P3d 1030 (2001), *rev den*, 333 Or 595 (2002) (officer stating that, in his experience, "methamphetamine addicts often 'resort to burglary, theft and robbery in order to obtain property to sell or trade for methamphetamine'"); Janine Robben, *Oregon's "War" on Methamphetamine*, 68 Oregon State Bar Bulletin 19, July 2008 (discussing Oregon's "methamphetamine epidemic" and noting then Governor Kulongoski's statement that "'there is no greater challenge facing our public safety system than methamphetamine production, distribution, and addiction'").

in such circumstances "the prejudicial effect of the evidence would outweigh its probative value and it is not admissible." *Zimmerlee*, 261 Or at 54; *see Baughman*, 361 Or at 407 ("[E]vidence admitted for a nonpropensity purpose generally is admissible under OEC 403, while evidence admitted solely to prove a defendant's character is not."); *Williams*, 357 Or at 20 (when no permissible inferences can be drawn from other acts evidence, it generally lacks probative value and will be excluded because the risk that the jury will use the evidence improperly is "substantial"); *see also Old Chief*, 519 US at 191 (when "the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other," the "only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted value of the record of conviction"). The state has failed to show that the unredacted judgment's "probative value is substantial enough to outweigh any attendant danger of unfair prejudice." *Mayfield*, 302 Or at 645. Because the name of defendant's crime of conviction was devoid of any probative value and was unfairly prejudicial to defendant, it was error for the court to admit that evidence over defendant's objection and request that it be redacted.[7]

The state makes no argument that the introduction of that evidence was harmless and we are not persuaded that it was. Under the circumstances of this case, we cannot conclude that "there is little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

Reversed and remanded.

---

[7] As the court in *Old Chief* noted,

"[t]here may be yet other means of proof besides a formal admission on the record that, with a proper objection, will obligate a district court to exclude evidence of the name of the offense. A redacted record of conviction is one of the most frequently mentioned [means] *** [along with] some jury instruction to explain *** that the redacted judgment was enough to satisfy the status element remaining in the case."

519 US at 191 n 10.