Argued and submitted December 22, 2015, affirmed June 14, petition for review allowed September 14, 2017 (361 Or 885)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAWN MARIE McCOLLY,
*Defendant-Appellant.*

Tillamook County Circuit Court
14CR03429; A156900

399 P3d 1045

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Shannon T. Reel, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for failure to appear in the second degree. ORS 162.195. On appeal, defendant raises two assignments of error. In her first assignment, defendant contends that the trial court erred when it denied her motion for judgment of acquittal because there was insufficient evidence that she had been released from "custody or a correctional facility" within the meaning of ORS 162.195. In her second assignment, she argues that the trial court erred when it refused to redact from defendant's release agreement admitted into evidence, that the misdemeanors with which she had been charged were harassment and menacing, because that evidence was irrelevant and prejudicial. We conclude that the evidence was sufficient to establish that defendant was released from "custody or a correctional facility" for purposes of ORS 162.195. We also conclude that, even if the trial court erred when it failed to redact the specific misdemeanor charges, that error was harmless. Accordingly, we affirm.

"When reviewing a trial court's denial of a motion for a judgment of acquittal, we view the evidence in the light most favorable to the state." *State v. Werner*, 281 Or App 154, 156, 383 P3d 875 (2016), *rev den*, 361 Or 312 (2017). On July 22, 2013, the trial court arraigned defendant—who was voluntarily present—on charges of menacing and harassment. The trial court released defendant based on a "conditional release" and ordered defendant to complete the "book and release" process by July 22, 2013—that same day. The "book and release" process is "the official process of being fingerprinted and [photographed] by the deputies." On July 22, 2013, defendant executed the conditional release agreement, which provided, in part, that she understood that she had been "released by the Court or the Court's release officer instead of being held in jail" and would "personally appear in Court on 8/19/13 at 9:30 a.m. and all other times ordered by the Court." She swore to that conditional release agreement before a clerk.

On January 21, 2014, the trial court granted defendant's request for a set over of trial, and ordered defendant to appear for call on March 20, 2014. Defendant failed to

appear on March 20, 2014. Consequently, the trial court issued a bench warrant, and the state charged defendant with failure to appear in the second degree, ORS 162.195. Before trial, defendant objected to the admission of a portion of the release agreement that stated that she had been charged with menacing and harassment and asked the court to redact the reference to those charges. Defendant offered to make a judicial admission that she had been charged with two misdemeanors, but preferred that "the jury not hear the specific charges" because the identity of the misdemeanor charges was irrelevant and prejudicial. The trial court overruled defendant's objection and admitted the release agreement without redacting the reference to the menacing and harassment charges. At trial, the state referred once in its opening statement and twice in its closing statement to the evidence that defendant had been charged with menacing and harassment misdemeanors.

At trial, after the state's case-in-chief, defendant moved for a judgment of acquittal, contending that the state had failed to prove that defendant had been "released from custody or a correctional facility," as required by ORS 162.195. The state responded that the "book and release" process that defendant had completed qualified as being released from custody or a correctional facility. The trial court denied defendant's motion for judgment of acquittal, concluding that "the book and release process is sufficient to constitute constructive custody." The jury found defendant guilty of failure to appear in the second degree.

On appeal, defendant reiterates her arguments from below. First, she argues that the state failed to show that defendant was released from "custody or a correctional facility," as required by ORS 162.195. Second, she contends that the trial court erred when it admitted evidence that defendant had been charged with menacing and harassment misdemeanors, and that the error was not harmless.

We begin with defendant's first assignment of error. ORS 162.195 provides, in part:

"(1)   A person commits the crime of failure to appear in the second degree if the person knowingly fails to appear as required after:

"(a) Having by court order been *released from custody or a correctional facility* under a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a misdemeanor[.]"

(Emphasis added.) "Custody" is defined as "the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order." ORS 162.135(4). A "correctional facility" is defined as "any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order." ORS 162.135(2).

Defendant argues that the state presented insufficient evidence that she was released from "custody" or a "correctional facility" under a release agreement. Specifically, defendant argues that this case is similar to *State v. Ford*, 207 Or App 407, 142 P3d 107 (2006), because the state failed to establish that defendant had been restrained by a peace officer.

In *Ford*, the defendant had been charged with two crimes. *Id.* at 409. He was sent a letter to appear on the charges and he voluntarily came to court for his arraignment. At arraignment, he signed a release agreement that stated that he had been released from custody and that he agreed to "appear for trial and all required court appearances." *Id.* The defendant failed to appear for one of his subsequent court hearings. He was charged and convicted of first- and second-degree failure to appear and appealed those convictions. *Id.* On appeal, the defendant argued "that the release agreement on which the state based the charge did not release him 'from custody,'" because he was not actually or constructively restrained when he signed the agreement.[1] *Id.* at 410.

We agreed with the defendant and concluded that the state had failed to establish that the defendant was restrained by a peace officer, because "although it is possible that such a person might have been sitting in the courtroom or stationed somewhere nearby, the record does not indicate that anyone fitting that statutory description was

[1] The defendant in *Ford* was charged with first-degree failure to appear, ORS 162.205. That statute uses the same wording as ORS 162.195 that is at issue in this case.

present during the signing of the release agreement." *Id.* at 411. Therefore, we concluded that, "[w]ithout a record that a peace officer was present, the state cannot establish that defendant was restrained, either actually or constructively." *Id.* In *Ford*, we also noted that "there [was] no evidence that [the defendant] was 'booked' or otherwise taken into custody at the initial hearing before his release." *Id.* at 412.

This case is distinguishable from *Ford* because defendant went through the booking process. Although the record is sparse, the record contains evidence that the trial court released defendant based on a "conditional release" and ordered defendant to complete the "book and release" process that same day. The book and release process is "the official process of being fingerprinted and [photographed] by the deputies." Defendant executed the conditional release agreement, and swore to that conditional release agreement before a clerk. In contrast to *Ford*, based on the facts adduced at defendant's trial and the reasonable inferences that can be drawn from those facts, we conclude that there was sufficient evidence for a jury to find that defendant was placed in constructive custody of a peace officer for the booking process. Thus, the state presented sufficient evidence that defendant was released from "custody" under a release agreement as required by ORS 162.195. Accordingly, the trial court correctly denied defendant's motion for judgment of acquittal.

We turn to defendant's second assignment of error. Defendant contends that the trial court erred when it refused to redact from her release agreement that she had been charged with harassment and menacing misdemeanors before admitting the agreement into evidence. She contends that that information was irrelevant and more unfairly prejudicial than probative. Whether evidence is relevant is a legal question. *State v. Serrano*, 355 Or 172, 191, 324 P3d 1274 (2014), *cert den*, 135 S Ct 2861 (2015). A trial court's decision to admit evidence over an objection that the evidence is unfairly prejudicial is reviewed for abuse of discretion. *Id.* at 192.

Defendant contends that, because her judicial admission established that she had been charged with misdemeanors, the evidence that she had been charged with

menacing and harassment misdemeanors was irrelevant. *See State v. Hess*, 342 Or 647, 661, 159 P3d 309 (2007) ("[D]efendant's judicial admission to his prior convictions established completely the existence of the prior convictions as a factual·and legal matter and relieved the state of its burden to prove their existence during trial."). Defendant also argues that the trial court abused its discretion because it failed to consider the prejudicial effect of the evidence. The state responds that "this court need not reach defendant's argument, because any error in admitting the [identity] of the underlying charges [was] harmless." We agree with the state. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (evidentiary error is not reversible if there is "little likelihood that the error affected the verdict"); OEC 103(1) (evidentiary error not reversible "unless a substantial right of the party is affected").

Here, even if the trial court erred in refusing to redact from her release agreement that defendant had been charged with menacing and harassment, there was little likelihood that the identity of the misdemeanor charges affected the verdict. At trial, the parties focused on whether defendant had been released from custody or a correctional facility as required by ORS 162.195. The identity of the underlying charges—menacing and harassment—was unrelated to the question whether defendant had been released from custody or a correctional facility. *See State v. Marquez-Vela*, 266 Or App 738, 746, 338 P3d 813 (2014) (if an evidentiary error "relates to a central factual issue in the case, rather than to a tangential issue," it is more likely to have affected the jury's verdict). Thus, information about those charges would not have influenced the jury's determination of whether the state had proved that element of the crime of failure to appear.

Moreover, nothing in the record suggests that the state tried to use the nature of the charges as propensity evidence; indeed, menacing and harassment are not so inflammatory that identifying those charges is more prejudicial than informing the jury that defendant was charged with unspecified misdemeanors. Here, viewing the totality of the evidence presented to the jury in light of the specific

misdemeanor charges, it is unlikely that the jury's verdict was affected by the presentation of evidence that defendant had been charged with menacing and harassment misdemeanors. *Cf. State v. Parker*, 285 Or App 777, 787, 398 P3d 437 (2017) (concluding that it was error for the trial court to admit evidence of the name of the defendant's crime of conviction because that evidence "was devoid of any probative value and was unfairly prejudicial").

In sum, we conclude that there is sufficient evidence that defendant was released from "custody or a correctional facility" within the meaning of ORS 162.195. Thus, the trial court did not err when it denied defendant's motion for judgment of acquittal. We also conclude that, even if the trial court erred when it admitted evidence that defendant had been charged with menacing and harassment, that error had little likelihood of affecting the verdict.

Affirmed.